UNITED STATES of America,
Appellee,

v.

Jason COX (a/k/a "JC") and Clinton
Cox, Defendants–Appellants,

Willie Grant, Defendant.

Nos. 01–1299, 01–1501.

United States Court of Appeals,
Second Circuit.

March 19, 2003.

Mark Diamond, New York, NY, for Appellant Jason Cox.

Barry M. Fallick, New York, NY, for Appellant Clinton Cox.

James J. Finnerty, Assistant United States Attorney for the District of Connecticut, Bridgeport, CT (John A. Danaher III, United States Attorney, and Jeffrey A. Meyer, Assistant United States Attorney, on the brief), for Appellee.

Present: VAN GRAAFEILAND, CARDAMONE, and JACOBS, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgments of the district court be **AFFIRMED.**

Defendants-appellants Jason and Clinton Cox appeal from orders entered in the United States District Court for the District of Connecticut (Nevas, *J.*) convicting them, after a jury trial, of numerous drug and gun crimes and sentencing them, respectively, to 420 months and 540 months in prison. We address two of their appellate claims in a separate opinion published today, and we address the remaining issues in this summary order.

1. *Ineffective Assistance of Counsel:* We review claims of ineffective assistance of counsel *de novo. See United States v. Finley*, 245 F.3d 199, 204 (2d Cir.2001), *cert. denied*, 534 U.S. 1144, 122 S.Ct. 1101, 151 L.Ed.2d 997 (2002). A defendant must show that (1) his "counsel's performance was deficient" in that it "fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense," meaning "there is a reasonable probability that, but for counsel's un-

professional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Where, as here, "defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness," the defendant must demonstrate "that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence." *Kimmelman v. Morrison,* 477 U.S. 365, 375, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Strickland,* 466 U.S. at 700.

▮ Clinton Cox cannot establish actual prejudice resulting from his counsel's failure to seek suppression of the drugs seized on October 9, 1999. First, Cox's claim that the 397 grams of cocaine base increased his sentence is irrelevant. "Absent a showing that officers obtained evidence expressly to enhance a sentence, a district judge may not refuse to consider relevant evidence at sentencing, even if that evidence has been seized in violation of the Fourth Amendment." *United States v. Tejada,* 956 F.2d 1256, 1263 (2d Cir.1992); *see also Kimmelman v. Morrison,* 477 U.S. 365, 375, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986) (defining actual prejudice as "a reasonable probability that the *verdict* would have been different absent the excludable evidence") (emphasis added). Moreover, even without the 397 grams, Cox fell within the highest sentencing category of 1.5 or more kilograms. *See* U.S.S.G. § 2D1.1(c). (*See also* Sentencing Tr., dated Sept. 12, 2001, at 19.)

Second, Clinton Cox argues that exclusion of the drugs would have affected the verdict because "the only other evidence against [him] was in the form of circumstantial evidence." (Clinton Cox's Br. at 24.) But circumstantial evidence is as powerful as any other kind. There is no reasonable probability that exclusion of the drugs seized on October 9, 1999 would have resulted in a different verdict on any of the counts of conviction. *See Kimmelman,* 477 U.S. at 375. The government argues that we may rely, among other things, on the testimony of the car's driver. (Appellee's Br. at 35.) That testimony generally supports the conviction, but we need not place reliance on it because no count charged Clinton Cox with possession of the drugs seized from the car on that day. (*See* Superseding Indictment, dated Aug. 2, 2000.) The verdict was supported independently by ample testimony about, and evidence of, his other drug activities.

Because there is no prejudice, we need not consider the merits of Clinton Cox's Fourth Amendment claim or the reasonableness of his counsel's performance.

▮ *2. Date Charged in Indictment:* As to the motion by Jason Cox for acquittal based on the date charged in the indictment for counts thirteen and fourteen, there was sufficient evidence for the jury to conclude that Cox possessed cocaine base and used a firearm "[o]n or about June 20, 1998." "Where 'on or about' language is used, the government is not required to prove the exact date, if a date reasonably near is established." *United States v. Nersesian,* 824 F.2d 1294, 1323 (2d Cir.1987). Marazita testified that he gave Cox his gun "[s]ometime in the summer of '98" as collateral for the price of the drugs.[1] (*See* Tr. of Jury Trial, dated Jan.

---

1. Cox's argument that Marazita's testimony was "inherently unbelievable," (Jason Cox's Br. at 35), is essentially a credibility argument. *See United States v. Roman,* 870 F.2d 65, 71 (2d Cir.1989) ("[W]e will not disturb the jury's findings with respect to the witnesses' credibility, for ... the proper place for a challenge to a witness's credibility is in

17, 2001, at 90–91; Tr. of Jury Trial, dated Jan. 18, 2001, at 127–28.) The government introduced pawn shop transaction records to show that Marazita possessed the gun on June 19, 1998. Even if the drug transaction took place later that summer, there was no material variance from the indictment. *See Nersesian*, 824 F.2d at 1323 ("[T]he government's argument that the date of the actual transaction was possibly July or early August was not an improper material variance from the 'on or about June 1984' date charged in the indictment."); *see also United States v. Teague*, 93 F.3d 81, 83 (2d Cir.1996).

■ Moreover, Jason Cox has failed to establish that the asserted variance caused the requisite prejudice. *See Nersesian*, 824 F.2d at 1323. Like the defendant in *Nersesian*, Cox claimed that the variance prevented him from preparing an adequate defense; however, Cox had the opportunity to cross-examine the relevant witness and present evidence on the time period in question. *Id.* No argument is made that some different or superior defense would have been mounted if the defendant had been advised more particularly as to the date of the offense.

■ 3. *Admissibility and Sufficiency of June 12 Evidence:* The district court declined to exclude evidence as a sanction for destruction of the drugs seized on June 12, 1998. *See United States v. Patterson*, 292 F.3d 615, 626 (9th Cir.2002); *cf. United States v. Han*, 230 F.3d 560, 564 (2d Cir.2000) ("Decisions to admit or exclude evidence are reviewed for abuse of discretion and are overturned only where arbitrary or irrational."). Jason Cox has neither alleged nor established that the

government acted in bad faith in failing to preserve the substance. *See Arizona v. Youngblood*, 488 U.S. 51, 58, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988) ("[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law."). As far as the record shows, state police destroyed the substance at the direction of a state court.[2] (*See* Tr. of Jury Trial, dated Jan. 16, 2001, at 127–28.)

■ Jason Cox also challenges the sufficiency of the evidence relating to the June 12 transaction. We view the evidence in its totality in the light most favorable to the government, drawing all inferences in the government's favor and deferring to the jury's assessment of credibility and weight. *See United States v. LaSpina*, 299 F.3d 165, 180 (2d Cir.2002). "A defendant may be convicted of narcotics possession if some evidence—direct, circumstantial, or otherwise—establishes the defendant's possession of the illegal substance." *United States v. Bryce*, 208 F.3d 346, 353 (2d Cir.1999). Here, the government introduced photographs of six baggies containing a "whitish, rock-like" substance; testimony by experienced undercover officers; and testimony about the result of a field test indicating the substance was in fact crack cocaine.

4. *Double–Counting of Criminal History:* Jason Cox is correct that, as to a particular prior arrest, the district court erroneously assigned six criminal history points instead of three. This error was harmless, however, because the court assigned a total of eighteen criminal history points, five more than the thirteen re-

cross-examination and in subsequent argument to the jury, not in an appellate brief.") (citations and quotation marks omitted).

**2.** Even if this argument is construed as a claim that Cox's conviction violated his Fifth

Amendment due process rights and his Sixth Amendment right to confront the evidence against him, and is therefore reviewed *de novo, see Patterson*, 292 F.3d at 626, it nonetheless fails for the reasons stated above.

quired to place him in the highest category. *See* U.S.S.G. Ch. 5, Pt. A, Sentencing Table. Subtracting three points for the double-counting of his prior arrest does not change his category. *See United States v. Defeo,* 36 F.3d 272, 277 (2d Cir. 1994).

■ 5. *Drug Quantity Calculation:* The defendants argue that the attribution to them of more than 1.5 kilograms of crack cocaine was clear error. *See United States v. McLean,* 287 F.3d 127, 133 (2d Cir.2002). Where, as here, "the quantity seized does not reflect the scale of the offense, the Guidelines require the district court to estimate the amount of drugs involved in the offense." *United States v. Blount,* 291 F.3d 201, 215 (2d Cir.2002), *cert. denied,* —— U.S. ——, 123 S.Ct. 938, 154 L.Ed.2d 838 (2003). The court has "broad discretion to consider all relevant information," *id.,* so long as the quantity is based on "specific evidence," such as "drug records," "admissions," and "live testimony" about the defendant's transactions. *United States v. Shonubi,* 103 F.3d 1085, 1089–90 (2d Cir.1997). The court made a conservative estimate based on (i) Willie Grant's testimony that he sold half-gram bags of crack for the defendants at a rate of $1500 per day on weekdays and $1500–$3500 per day on weekends for several months, plus (ii) the quantity seized on October 9, 1999. (*See* Sentencing Tr., dated May 17, 2001, at 26–28; Tr. of Jury Trial, dated Jan. 18, 2001, at 17–18, 36.) The court could (and did) decide to credit Grant's testimony, notwithstanding Cox's argument that Grant was not credible. *See Blount,* 291 F.3d at 215.

■ 6. *Term of Supervised Release:* The district court sentenced defendants to ten years of supervised release. Although (as defendants point out) Section 5D1.2 provides for a term of supervised release of "at least three years but not more than five years for a defendant convicted of a Class A or B felony," U.S.S.G. § 5D1.2(a)(1), "the term of supervised release imposed shall not be less than any statutorily required term." U.S.S.G. § 5D1.2(b). Under 21 U.S.C. § 841(b)(1)(A), a defendant with a final "prior conviction for a felony drug offense" must receive "a term of supervised release of at least 10 years." 21 U.S.C. § 841(b)(1)(A). The government states in its brief—and Jason Cox does not dispute—that it filed notice of his prior felony drug conviction in accordance with the procedures set forth in 21 U.S.C. § 851. At oral argument, both the government and defense counsel represented that the same was true for Clinton Cox.

7. The remaining claims set forth in Jason Cox's *pro se* brief are without merit.

For the reasons set forth above, as well as those stated in the separate opinion published today, the judgments of the district court are hereby **AFFIRMED.**