11-509-cr
United States v. Cox

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of February, two thousand twelve.

PRESENT:   RALPH K. WINTER,
                      REENA RAGGI,
                      DENNY CHIN,
                                  *Circuit Judges.*

--------------------------------------------------------------------------------------
UNITED STATES OF AMERICA,
                          *Appellee*,

                  v.                                                                 No. 11-509-cr

CLINTON COX,
                          *Defendant-Appellant*,

JASON COX, a.k.a. JC, WILLIE GRANT,
                          *Defendants*.
--------------------------------------------------------------------------------------

FOR APPELLANT:        Jonathan Edelstein, Esq., New York, New York.

FOR APPELLEE:         Alina P. Reynolds, Robert M. Spector, Assistant United States Attorneys, *for* David B. Fein, United States Attorney for the District of Connecticut, Bridgeport, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Alvin W. Thompson, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 4, 2011, is AFFIRMED.

Defendant Christopher Cox was convicted after trial on substantive and conspiratorial counts of trafficking in 50 grams or more of crack cocaine, see 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, as well as multiple counts of using a firearm in the course of his drug-trafficking crimes, see 21 U.S.C. § 924(c)(1)(A). On January 26, 2011, the district court vacated Cox's firearm convictions under 28 U.S.C. § 2241 in light of Watson v. United States, 552 U.S. 74 (2007), and the case was scheduled for resentencing. He now appeals the four concurrent 360-month prison terms imposed on resentencing of the narcotics crimes. Cox contends that his new sentence is procedurally and substantively unreasonable, an argument we review "under a 'deferential abuse-of-discretion standard.'" United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting Gall v. United States, 552 U.S. 38, 41 (2007)). We assume the parties' familiarity with the underlying facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.   Procedural Reasonableness

     a.    Guidelines Calculation

Cox submits that the district court erred in calculating his Sentencing Guidelines range by (1) assigning a base offense level of 34 based on his conspiracy to distribute 1.5 kilograms

2

of crack, see U.S.S.G. § 2D1.1(c)(3) (2010), and (2) adding a four-level enhancement for his leadership role in a conspiracy involving five or more persons, see id. § 3B1.1(a).

Insofar as Cox contends that the district court misapplied the law of the case doctrine in relying on findings made at his initial sentencing, we are not persuaded. While vacatur of the firearms counts permitted the district court to resentence Cox on the drug counts without regard to the mandate rule, see United States v. Triestman, 178 F.3d 624, 628–30 (2d Cir. 1999), this did not preclude it from adhering to the court's prior determinations as to disputed facts in the absence of cogent and compelling reasons to revisit them, see United States v. Quintieri, 306 F.3d 1217, 1225 (2d Cir. 2002); see also United States v. Tenzer, 213 F.3d 34, 39 (2d Cir. 2000) (identifying such reasons to include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice"). In concluding that Cox failed to present cogent reasons for revisiting Judge Nevas's detailed findings as to drug quantity and role, Judge Thompson made plain that he had reviewed pertinent parts of the record and satisfied himself that the challenged Guidelines findings were supported by the evidence.

To the extent Cox complains that the findings depend on the testimony of unreliable co-conspirators, we identify no clear error. As we explained on Cox's first appeal, it was within the district court's discretion to credit the co-conspirator witnesses' trial testimony. See United States v. Cox, 59 F. App'x 437, 441 (2d Cir. 2003) (summary order). Further, it was in the discretion of the district court—even though a different judge assumed

3

responsibility for resentencing—to adhere to that determination in the absence of a compelling reason to revisit it. See generally United States v. Garcia, 413 F.3d 201, 227–28 (2d Cir. 2005) (recognizing that decisions are rendered by district court, not individual judge).

      b.     Parsimony Clause

Cox submits that the district court erred in applying the appellate standard of review, i.e., reasonableness, rather than the parsimony clause of 18 U.S.C. § 3553(a) in resentencing him to a 360-month prison term. The record indicates otherwise. The district court expressly acknowledged its parsimony clause obligation both when it quoted the statutory obligation to ensure that any sentence imposed was "sufficient but not greater than necessary" to serve the purposes specified in § 3553(a), Resentencing Tr. at 44, and when it stated that, although it thought "the Guideline range would be a reasonable sentence," it was obliged to answer the further question "whether it was the lowest reasonable sentence," id. at 45. These statements, together with the district court's articulation of the § 3553(a) factors and its detailed explanation for imposing the challenged sentence despite an initial inclination to vary from the Guidelines, satisfactorily demonstrate application of the parsimony clause.

      c.     Mandatory Minimum Calculation

Cox posits that the district court erred in identifying his mandatory minimum sentence as 20 years rather than the reduced mandatory minimum provided in the Fair Sentencing Act

of 2010 ("FSA"). The government concedes error, consistent with the directive of the Attorney General, see Eric H. Holder, Jr., Attorney General, Memorandum for All Federal Prosecutors: Application of the Statutory Mandatory Minimum Sentencing Laws for Crack Cocaine Offenses Amended by the Fair Sentencing Act of 2010, July 15, 2011, available at http://www.fd.org/pdf_lib/Holder%20FSA%20memo%207.15.11.pdf (last visited Feb. 1, 2012), but submits that the error is harmless because "the record indicates clearly that the district court would have imposed the same sentence in any event," United States v. Jass, 569 F.3d 47, 68 (2d Cir. 2009) (internal quotation marks omitted). We agree.[1]

The record shows that the district court imposed its sentence without regard to the mandatory minimum penalty. Instead, it determined that a term of 360 months' incarceration—the low end of the post-FSA Guidelines range of 360 months to life and a term 120 months longer than the presumed statutory minimum—was appropriate in light of "the nature and circumstances of the offense and the history and characteristics of the defendant." Resentencing Tr. at 46. Such circumstances permit us to conclude that any error in the calculation of the mandatory minimum sentence was harmless. See United States v. Deandrade, 600 F.3d 115, 120 (2d Cir. 2010) (holding that purported calculation error in

[1] To the extent our precedent has not applied the Fair Sentencing Act retroactively, see United States v. Acoff, 634 F.3d 200, 202 (2d Cir. 2011); but see United States v. Dixon, 648 F.3d 195, 203 (3d Cir. 2011); United States v. Douglas, 644 F.3d 39, 46 (1st Cir. 2011), we are not free to depart absent a contrary ruling by the Supreme Court or this court sitting en banc. See United States v. Jass, 569 F.3d at 58. But we need not consider that question further in light of our conclusion that any error would be harmless.

5

mandatory minimum was harmless because challenged sentence was 60 months longer than presumed minimum and was imposed according to Guidelines without reference to statutory minimum).[2]

2.     Substantive Reasonableness

Cox contends that his Guidelines sentence of 360 months is substantively unreasonable.  We are not persuaded.

We will identify a sentence as substantively unreasonable "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d at 189 (internal quotation marks omitted).  Although we do not presume that Guidelines sentences are reasonable, we nonetheless "recognize that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances."  United States v. Fernandez, 443 F.3d 19, 27 (2d Cir. 2006).

Cox maintains that his sentence, representing the bottom of his Guidelines range, is substantively unreasonable for the same reason that we held a sentence under the child

---

[2] The same harmlessness conclusion would obtain with respect to Cox's pro se complaint of procedural error in the identification of his past state narcotics conviction as a "felony drug offense" for purposes of 21 U.S.C. §§ 841(b)(1)(A) and 851.  In fact, however, the district court committed no error.  It appropriately applied the modified categorical test and examined Cox's plea colloquy, during which Cox admitted to distributing cocaine and cocaine base and, thus, committing a "felony drug offense."  See United States v. Savage, 542 F.3d 959, 966 (2d Cir. 2008).

pornography Guidelines unreasonable in United States v. Dorvee, 616 F.3d 174, 184–85 (2d Cir. 2010), i.e., that the crack cocaine Guidelines are not based on the Sentencing Commission's independent empirical research but are, instead, legislatively mandated by Congress. Cox misreads Dorvee. We did not hold, as Cox seems to suggest, that any time Congress orders the Sentencing Commission to adopt or amend certain Guidelines, the results are subject to a "de facto presumption of unreasonableness." Def.'s Br. 23. Rather, the substantive error identified in Dorvee turned on factors beyond the child pornography Guidelines' "highly unusual provenance," 616 F.3d at 188, notably factual errors and misstatements of law, see id. at 183–84, that are not present here. Moreover, although the Court in Kimbrough v. United States, 552 U.S. 85, 110 (2007), held that a district court is within its discretion to determine that application of the crack cocaine Guidelines yields a sentence that is greater than necessary, it does not follow that it is substantively unreasonable for a district court to impose a sentence pursuant to those Guidelines. Indeed, in this case, the district court identified a number of factors that prompted it to conclude that a 360-month sentence was warranted despite its original inclination to sentence outside the crack cocaine Guidelines.

Cox's further contention that the identified factors cannot bear the weight assigned them by the district court is without merit. See United States v. Cavera, 550 F.3d at 191; see also Gall v. United States, 552 U.S. at 51 (stating that appellate court "must give due deference" to district court's weighing of § 3353(a) factors). The district court stated that a

7

sentence of 360 months was necessary in light of (1) the serious and harmful nature of Cox's drug trafficking, reflected not only in the quantity of drugs dealt but in the expansion of the conspiracy from Connecticut to South Carolina, and (2) the need for specific deterrence in light of Cox's demonstrated recidivism. The latter concern was reinforced by the district court's finding that Cox failed to accept responsibility for his conduct and had attempted to perpetrate a fraud on the sentencing court. Although Cox takes exception to these findings and the weight assigned them, we identify no abuse of discretion so as to take the 360-month sentence out of the broad range of sentences that are substantively reasonable for the crimes of conviction. See United States v. Jones, 531 F.3d 163, 174 (2d Cir. 2008).

We have considered Cox's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of conviction is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court