**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

August Term, 2014

(Submitted: January 21, 2015     Decided: April 13, 2015)

Docket Nos. 13-3745, 13-4473, 13-4699

------------------------------------------------------------X

CLINTON D. COX,

*Petitioner-Appellant*,

v.

UNITED STATES OF AMERICA,

*Respondent-Appellee*.

------------------------------------------------------------X

Before: LEVAL, POOLER, and CHIN, *Circuit Judges*:

Motion by Petitioner-Appellant Clinton D. Cox, a federal prisoner acting pro se, for Certificates of Appealability ("COAs") in support of his appeal from the denial by the United States District Court for the District of Connecticut (Thompson, *J.*) of his petition under 28 U.S.C. § 2255 for a writ of habeas corpus. The Court determines it has jurisdiction of the appeal. Motion DENIED.

> Clinton D. Cox, Bruceton Mills, WV, pro se, *for Petitioner-Appellant*.

> Alina P. Reynolds, Assistant U.S. Attorney, Bridgeport, CT (Sandra S. Glover, Assistant U.S. Attorney, New Haven, CT, *of counsel*), *for Respondent-Appellee*.

PER CURIAM:

Petitioner-Appellant Clinton D. Cox, a federal prisoner acting pro se, moves for Certificates of Appealability ("COAs") in support of his appeal from the denial by the United States District Court for the District of Connecticut (Thompson, *J.*) of his petition under 28 U.S.C. § 2255 for a writ of habeas corpus overturning his conviction on federal narcotics charges. The first question we face is whether this court has appellate jurisdiction, which turns on whether Cox's appeal is taken from a "final decision[] of the district court[]." 28 U.S.C. § 1291. If that question is answered in the affirmative, his entitlement to a COA turns on whether he has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**BACKGROUND**

Cox was convicted in 2001 on federal narcotics and firearms charges and was sentenced at first to 540 months' imprisonment, to be followed by a 10-year term of supervised release. On direct appeal, Cox's conviction and sentence were affirmed. *See United States v. Cox*, 324 F.3d 77 (2d Cir. 2003); *United States v. Cox*, 59 F. App'x 437 (2d Cir. 2003). In 2004, he moved for a new trial, arguing that the Government knowingly allowed witnesses to testify falsely at trial to his transactions in guns of a type that had not yet been manufactured. The district court denied the motion in 2006, finding that Cox's evidence was altered and his claims had no basis in fact.

Later in 2004, Cox filed a first motion under § 2255 to set aside the convictions, on grounds not relevant to the present appeal, which the district court denied. He later moved

2

to set aside his firearms convictions. The district court granted this motion and vacated the firearms convictions.[1] The court then resentenced Cox on the narcotics convictions, imposing four concurrent 360-month prison terms. Cox appealed, and this court affirmed. *United States v. Cox*, 458 F. App'x 79 (2d Cir. 2012).

In October 2011, Cox filed the present § 2255 motion, seeking to overturn the narcotics convictions.[2] He supported the motion by numerous allegations, including claims of ineffective assistance of counsel in the course of trial. He later amended the motion, adding claims of ineffective assistance by counsel who represented him on appeal and by counsel who served him at his resentencing. The asserted ineffectiveness of counsel lay in their failure to detect and protest the prosecution's failure to disclose exculpatory evidence. While the motion was pending, Cox filed motions for bail and for discovery of alleged exculpatory material.

In September 2013, the district court denied this § 2255 motion. The court explained in part that Cox's claims were time-barred because they "relate[d] only to the original sentencing," as well as procedurally barred because the claims were raised for the first time on collateral review, and Cox had not demonstrated cause and actual prejudice

---

[1] Under authority of an intervening decision of the Supreme Court, *Watson v. United States*, 552 U.S. 74 (2007), the district court determined that Cox's conduct, which served as the basis for the firearms convictions, did not constitute a violation of the firearms statute.

[2] Because Cox was resentenced after he filed his first § 2255 motion, his second motion is not deemed to be a "second or successive motion" subject to the exacting requirements of § 2255(h). *See Vu v. United States*, 648 F.3d 111, 113 (2d Cir. 2011).

or actual innocence to excuse his failure to raise them previously. Cox timely noticed this appeal.

Cox's motion for a COA relates to (1) various claims of prosecutorial misconduct, false testimony, and ineffective assistance of counsel at his trial; and (2) claims that the lawyers who represented him on his appeal and at his resentencing were ineffective for failure to challenge alleged false testimony and government misconduct.

**DISCUSSION**

**A. Jurisdiction**

The first question is whether our court has jurisdiction over Cox's appeal, which turns on whether Cox appeals from a "final" judgment within the meaning of 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts . . . .").[3] A final order is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).

It appears clear on the face of the court's ruling that it "end[ed] the litigation [of his § 2255 proceeding,] leav[ing] nothing for the court to do but execute the judgment." *Id.* The order stated, "the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 . . . is hereby DENIED." *Cox v. United States*, No. 3:11-cv-

---

[3] The requirement of a final order has exceptions, not relevant here.

1568-AWT, Dkt. 37 at 13 (D. Conn. Sept. 24, 2013). This dismissed Cox's petition in its entirety, leaving nothing to be adjudicated in the district court.

On the other hand, the reasoning on which the court relied was erroneous as to some of Cox's claims. The court explained that, because "the claims [Cox] raises . . . relate only to the original sentencing," they were therefore time barred. *Id.* at 8. The court further reasoned that Cox was procedurally barred from raising his arguments for the first time on collateral review. This ruling was incorrect in two respects. First, as the petition raised claims of ineffective assistance of counsel on Cox's appeal and his resentencing, his claims did not "relate only to the original sentencing." Second, the claims of ineffective assistance of counsel at his resentencing were not procedurally barred. A petitioner is not obliged to raise a claim of ineffective assistance of counsel while represented by the very attorney alleged to have rendered ineffective assistance. *See Billy-Eko v. United States*, 8 F.3d 111, 114 (2d Cir. 1993), *abrogated on other grounds by Massaro v. United States*, 538 U.S. 500, 509 (2003). And claims that counsel in the trial court was ineffective are not forfeited for failure to raise them for the first time on appeal. *Massaro*, 538 U.S. at 509. As such claims almost invariably depend on fact finding, which cannot be performed by appellate courts, they are more appropriately reserved for collateral approach. *Id.* at 504-06. Thus, at least the claims accusing his resentencing counsel of ineffective assistance were not waived. Accordingly, while the court clearly intended to dismiss the petition in its entirety, the reasons the court gave for the ruling were not valid as explanations for the dismissal of some of the claims.

Nonetheless, as the order clearly stated that the petition was dismissed in its entirety, and the court clearly intended exactly that result, we conclude it was a "final" order and that we therefore have jurisdiction over the appeal. The issue, however, calls for some discussion of the distinction between this case and *United States ex rel. Polansky v. Pfizer, Inc.*, 762 F.3d 160 (2d Cir. 2014).

In *Polansky*, this court found that a district court order of dismissal was not final (and was therefore not appealable) in circumstances where it was unclear "how much of the complaint the district court intended to dismiss." *Id.* at 161. The circumstances were unusual: the plaintiff had filed a civil suit against his employer alleging that (1) the employer had defrauded the federal and state governments; and (2) the defendant had retaliated against the plaintiff for reporting alleged violations of law. *Id.* On the defendant's motion to dismiss, the district court dismissed the fraud claims but explicitly denied the motion to dismiss the retaliation claims. *Id.* at 162. The court granted the plaintiff leave to amend the fraud claims, which the plaintiff did. *Id.* The defendant again moved to dismiss the fraud claims. *Id.* The case was then transferred to a new judge. The court wrote an opinion addressing only the fraud claims, and granted the motion to dismiss. The court then directed the clerk to "enter judgment in favor of defendant, dismissing the complaint." *Id.* We concluded "it remained unclear whether [the district court] *intended* to dismiss [the retaliation claims], whether it overlooked those claims, or whether it intended to only dismiss the fraud claims." *Id.* (emphasis added).

Our opinion found it "most plausible" that the district court intended to dismiss only the fraud claims. *Id.* at 163. The apparently broader order was akin to a ministerial error. Because we construed the order as not dismissing the plaintiff's suit in its entirety, we concluded it was not a final order under 28 U.S.C. § 1291. *Id.* at 164.

*Polansky* might conceivably be read as supporting the proposition that, when a district court's order by its terms dismisses a suit in its entirety, but the court's reasoning supports the dismissal of only some of the claims, the judgment is not a final order for the purposes of § 1291. Were that the rule, the district court's order of dismissal in this case would not have been a final order and we would have no jurisdiction of this appeal. However, we do not think *Polansky* bears such an expansive reading. The *Polansky* opinion depended on the appellate court's conclusion that the district court had not *intended* to issue a final judgment dismissing the action in its entirety. The conclusion was based on the irreconcilable inconsistency between the court's explicit refusal to dismiss the retaliation claims and its dismissal of the case in its entirety.

In the present case, by contrast, there can be no doubt that the district court fully intended to deny Cox's petition, leaving nothing further to adjudicate in the district court. Though the district court may have been *mistaken* in believing that the reasons it gave would justify dismissal of all of Cox's claims, nothing in the record suggests that the district court did not intend its order as a final decision terminating the case in its entirety. There is no inconsistency between our ruling that the district court's order in this case was a final decision and *Polansky*'s conclusion that the order in that case was not.

7

A rule that a district court's order, which by its terms dismisses a case in its entirety, is nonetheless not deemed a "final decision" that allows for appeal if the reasons given for dismissal are erroneous or would not justify dismissing all of the claims, would have harmful consequences for our system of justice. First, it would often be difficult for the losing party to know whether an apparently final order is in fact appealable. Second, a party that has suffered an adverse final judgment is subject to strict time limitations for filing an appeal. *See* Fed. R. App. P. 4(a)(1). Those time limits would be effectively erased if an order of dismissal were considered not "final" by virtue of its erroneous or incomplete reasoning. An arguably erroneous judgment could be appealed at any time, even years later, because the apparent order of dismissal would not have qualified as an appealable final order. Not only would the time for appeal not have expired—it would not even have begun to run. We do not believe the *Polanksy* opinion established such a rule.

We conclude that the district court's order of dismissal was an appealable final decision. Our court therefore has jurisdiction over Cox's appeals and his motions for COAs.

**B. Standard of Review**

This court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537

8

U.S. 322, 327 (2003) (internal citations omitted). In reviewing a district court's denial of relief under § 2255, we review findings of fact for clear error and conclusions of law *de novo*. *Campusano v. United States*, 442 F.3d 770, 773 (2d Cir. 2006).

**C. Entitlement to Certificates of Appealability**

Cox fails to show entitlement to COAs for his numerous claims, as to some because he fails to make a substantial showing of denial of a constitutional right, and as to others because his claims are procedurally barred. Cox's first claim is that his trial counsel was ineffective for failure to investigate evidence that weapons, which a witness testified Cox had traded for drugs, were not manufactured until after the events in question. The district court convincingly found that there was no such evidence. Next, Cox argues that the prosecution ought to have disclosed exculpatory evidence that a witness was the target of a grand jury investigation and that the witness perjured himself at trial. The district court reasonably found that there was no evidence that the witness was under investigation at the time of trial or that he perjured himself. Cox's claims of ineffectiveness of appellate and resentencing counsel fail because their validity depends on the validity of Cox's contentions regarding the time of manufacture of the guns, which the district court properly rejected as baseless.

As for Cox's claim that the prosecution should have identified individuals who purchased firearms from one of the witnesses at trial and produced interview notes regarding those individuals, it is procedurally barred. Cox was aware of the requested material at least since trial. Indeed, the alleged exculpatory evidence appears to have been

the basis of Cox's motion for new trial in 2004. Since that time, Cox has appealed his conviction twice, and does not appear to have raised this argument. *See United States v. Cox*, 324 F.3d 77 (2d Cir. 2003); *United States v. Cox*, 59 F. App'x 437 (2d Cir. 2003); *United States v. Cox*, 458 F. App'x 79 (2012). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations and internal quotations omitted). Since Cox has demonstrated none of these elements, his claim is barred.

Thus, in spite of the district court's error in holding that certain of Cox's claims were time barred and procedurally defective, Cox nonetheless fails to make the requisite substantial showing of the denial of a constitutional right. Cox's discovery and bail motions also rely on the plainly inadequate factual basis for his § 2255 motion, and are therefore similarly denied.

## CONCLUSION

For the foregoing reasons, Cox's motions (Dkt. No. 110 in Case No. 13-3745; Dkt. No. 51 in Case No. 13-4473; and Dkt. No. 37 in Case No. 13-4699) are hereby **DENIED**.