17-1405-pr (L)
Rajaratnam v. United States

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of June, two thousand eighteen.

PRESENT:  ROBERT D. SACK,
          REENA RAGGI,
                              *Circuit Judges,*
          PAUL G. GARDEPHE,
                              *District Judge.*[*]

---

RAJ RAJARATNAM,
                              *Plaintiff-Appellant,*

     v.                                              No. 17-1405-pr (L)
                                                             No. 17-1411-pr (CON)

UNITED STATES OF AMERICA,
                              *Defendant-Appellee.*

---

APPEARING FOR APPELLANT:        CHRISTINE H. CHUNG, Selendy & Gay PLLC (Adam M. Abensohn, Quinn Emanuel Urquhart & Sullivan, LLP; Samidh Guha, Jones Day, *on the brief*), New York, New York.

---

[*] Judge Paul G. Gardephe, of the United States District Court for the Southern District of New York, sitting by designation.

APPEARING FOR APPELLEE: MICHAEL FERRARA, Assistant United States Attorney (Sarah K. Eddy, Assistant United States Attorney, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Loretta A. Preska, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order entered on March 3, 2017, is AFFIRMED.

Appellant Raj Rajaratnam, whose 2011 convictions for conspiratorial and substantive securities fraud, *see* 15 U.S.C. §§ 78j(b), 78ff; 18 U.S.C. § 371; 17 C.F.R. §§ 240.10b-5, 240.10b5-2, were affirmed by this court, *see United States v. Rajaratnam*, 719 F.3d 139 (2d Cir. 2013), now appeals from the denials of his motions for collateral relief from conviction under 28 U.S.C. § 2255 (habeas corpus) and 28 U.S.C. § 1651 (*coram nobis*). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Motion for § 2255 Relief

In his § 2255 motion, Rajaratnam challenges his insider trading convictions on Counts 2, 5, 8, 9, and 10, as well as his culpability for one trade underlying his conviction on Count 1, in light of this court's decision in *United States v. Newman*, 773 F.3d 438 (2d Cir. 2014), *abrogated on other grounds by Salman v. United States*, 137 S. Ct. 420 (2016). *Newman* holds that to prove insider trading by a remote tippee, the government must prove that the tippee *knew* that an insider disclosed confidential information in exchange for a

personal benefit. *See id.* at 442. Arguing that the government failed to prove this element for certain trades, Rajaratnam seeks vacatur of the challenged counts and resentencing on the remainder.

Where, as here, a defendant did not raise an argument on direct appeal, he is procedurally barred from doing so on a collateral challenge under § 2255. *See Zhang v. United States*, 506 F.3d 162, 166 (2d Cir. 2007). This rule recognizes the "tension" between collateral challenges and "society's strong interest in the finality of criminal convictions" and, thus, "make[s] it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." *Yick Man Mui v. United States*, 614 F.3d 50, 53–54 (2d Cir. 2010); *see Bousley v. United States*, 523 U.S. 614, 621 (1998) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." (internal quotation marks omitted)). An exception applies, however, if the defendant demonstrates either (1) cause for the procedural default and ensuing prejudice, or (2) actual innocence. *See Cox v. United States*, 783 F.3d 145, 150 (2d Cir. 2015). We review *de novo* the question of whether a defendant's procedural default of an argument on direct appeal may be excused on a § 2255 motion. *See Harrington v. United States*, 689 F.3d 124, 129 (2d Cir. 2012).

Rajaratnam does not here argue cause to excuse his failure to raise a knowledge-of-benefit challenge on direct appeal.[1] Instead, he argues that he is actually innocent of the

---

[1] Before the district court, Rajaratnam argued cause for his default based on ineffective assistance of counsel, but he does not invoke that exception on appeal. We therefore deem his cause-related argument to be abandoned. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995).

challenged counts and trades.  Actual innocence, however, excuses procedural default only when a petitioner comes forward with "new evidence" and shows that "it is more likely than not that no reasonable juror [aware of that evidence] would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *accord House v. Bell*, 547 U.S. 518, 536–37 (2006); *see also United States v. Thorn*, 659 F.3d 227, 233–34 (2d Cir. 2011).  The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare," *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013), and that to demonstrate actual innocence, a defendant "must prove his '*factual* innocence, *not mere legal insufficiency*,'" *United States v. Thorn*, 659 F.3d at 233–34 (quoting *Bousley v. United States*, 523 U.S. at 623) (emphasis added).

Rajaratnam falls short of meeting this standard.  As an initial matter, Rajaratnam offers no new evidence to support his actual innocence claim.  *See Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002) (concluding actual innocence standard not met, in part, because petitioner "presented no new evidence of his innocence"); *see also Schlup v. Delo*, 513 U.S. at 316 ("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.").  Moreover, Rajaratnam's claim—that the government "failed to adduce proof at trial" satisfying the knowledge-of-benefit element for Counts 2, 5, 8, 9, and 10, and for one trade underlying Count 1, Appellant Br. 20–21, 28—is one of legal insufficiency, not factual innocence.

In urging otherwise, Rajaratnam argues that *Newman* announced a "new substantive rule" not existing at the time of his trial that now renders him innocent on the conduct

4

underlying the challenged counts. *Id.* at 20. *Newman*'s rule, however, was not "new" within the context of *this* case. At Rajaratnam's request, the district court instructed the jury on the knowledge-of-benefit element, and when this court, three years later in *Newman*, explained that every district court in the circuit save one already required the government to prove knowledge of benefit as an element of insider trading, we cited Rajaratnam's case as among those anticipating the *Newman* ruling. *See United States v. Newman*, 773 F.3d at 449–50 (citing *United States v. Rajaratnam*, 802 F. Supp. 2d 491, 498–99 (S.D.N.Y. 2011)).[2]

Thus, in the absence of new evidence or an intervening change in the law, Rajaratnam's § 2255 motion presents only a challenge to the legal sufficiency of the evidence to prove his knowledge of the benefits conferred on insiders, specifically, the ability to draw inferences of such knowledge on the existing record and in light of conflicting witness testimony. Such a claim of insufficiency does not assert *factual*

---

[2] Rajaratnam argues that the district court improperly instructed the knowledge-of-benefit element, noting a departure from the written charge earlier circulated to the parties. The discrepancy was known to Rajaratnam at the time of his direct appeal, such that his failure to raise it precludes collateral challenge. *See Zhang v. United States*, 506 F.3d at 166. In any event, even if the district court misspoke while reading the charge, it nonetheless instructed the jury in pertinent part that the government had to prove that Rajaratnam "knew that the information had been disclosed by an insider or tipper in breach of a duty to the owner of material information"; that an insider breaches that duty when he or she "receiv[es] a personal benefit" for disclosing the information; and that the government had to prove Rajaratnam "*knew* that the information was material, non-public information that *if disclosed by an insider would directly or indirectly obtain some personal benefit from the disclosure*." Tr. 5619–20, 5623 (emphasis added). Rajaratnam cannot show that these instructions failed to charge the knowledge-of-benefit element. *See United States v. Newman*, 773 F.3d at 447–50.

5

innocence and, thus, cannot excuse Rajaratnam's procedural default of his knowledge-of-benefit challenge. *See United States v. Thorn*, 659 F.3d at 233–34.

Accordingly, we affirm the district court's denial of Rajaratnam's § 2255 motion. *See Bruh v. Bessemer Venture Partners III L.P.*, 464 F.3d 202, 205 (2d Cir. 2006) (explaining appellate court may affirm district court on any basis for which there is sufficient support in record).

2.      Motion for *Coram Nobis* Relief

In his motion for a writ of error *coram nobis*, Rajaratnam challenges his $53,816,434 forfeiture order, arguing that (1) because he is actually innocent as to certain counts and trades in light of *Newman*, his forfeiture order should be reduced accordingly; and (2) *United States v. Contorinis*, 692 F.3d 136 (2d Cir. 2012), precludes recovery from Rajaratnam of insider trading gains realized by Galleon and its investors, rather than by Rajaratnam personally.

*Coram nobis* is an "extraordinary remedy" that "issues only in extreme cases," *United States v. Denedo*, 556 U.S. 904, 916 (2009), and is "strictly limited to those cases in which errors . . . of the most fundamental character have rendered the proceeding itself irregular and invalid," *Foont v. United States*, 93 F.3d 76, 78 (2d Cir. 1996) (internal quotation marks omitted) (stating that *coram nobis* requires showing (1) "circumstances compelling such action to achieve justice," (2) "sound reasons . . . for fail[ing] to seek appropriate earlier relief," and (3) movant "continues to suffer legal consequences from his conviction that may be remedied by granting of the writ" (internal quotation marks and alterations omitted)). The burden of showing entitlement to *coram nobis* relief is a heavy

6

one because a reviewing court "must presume that the proceedings were correct, and the burden of showing otherwise rests on the petitioner." *United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000). We review *de novo* whether the district court applied the proper legal standard, but we review its ultimate decision to deny the writ for abuse of discretion. *See id.*

Insofar as Rajaratnam seeks *coram nobis* relief on the ground that he is actually innocent of certain trades, that argument fails because, as stated above, he has not demonstrated actual innocence.

Rajaratnam is no more entitled to *coram nobis* relief on the basis of *Contorinis*. There, a portfolio manager of an investment fund "made investment decisions" on behalf of, and owned a "small equity" stake in, the investment fund, but he "did not control disbursement of [its] profits." *United States v. Contorinis*, 692 F.3d at 139, 145. In the absence of disbursement control, this court concluded that the defendant never personally received or possessed all $12.65 million realized by the fund from his insider trading and, thus, vacated the forfeiture order in that amount. *See id.* at 145–47 (explaining that defendant "acquire[s]" proceeds when property "at some point" comes "under the defendant's control"). By contrast, here, Rajaratnam was the founder and managing general partner of Galleon and, as such, exercised "control" over both that firm and the proceeds it acquired, including the proceeds acquired as a result of his insider trading. Even if those proceeds subsequently were distributed to investors, with Rajaratnam personally retaining only a percentage as management fees, he nonetheless had authority over disbursements, and, thus, exercised "control" over the proceeds "at some point." *Id.* at

7

In these circumstances, we identify no abuse of discretion in the district court's conclusion that *coram nobis* relief is not compelled to achieve justice, and, accordingly, we affirm denial of the *coram nobis* motion.

We have considered Rajaratnam's remaining arguments and conclude that they are without merit. For the reasons stated, we AFFIRM the order of the district court.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, Clerk of Court