18-2415-cv
*Flowers v. Connecticut Light and Power Company*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of May, two thousand nineteen.

Present:
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

---

PATRICIA A. FLOWERS,
> *Plaintiff-Appellant*,

v.                                                                          18-2415-cv

CONNECTICUT LIGHT AND POWER COMPANY, AKA
NORTHEAST UTILITIES, AKA EVERSOURCE ENERGY,

> *Defendant-Appellee*.

---

For Plaintiff-Appellant:               Patricia Flowers, *pro se*, West Hartford, CT.

For Defendant-Appellee:                Honor Southard Heath, Senior Counsel, Eversource Energy Service Company, Berlin, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Bryant, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Patricia Flowers ("Flowers"), proceeding *pro se*, appeals from the September 29, 2017 decision and order of the United States District Court for the District of Connecticut (Bryant, *J.*) granting summary judgment in favor of her former employer, the Connecticut Light and Power Company ("Eversource"), with respect to her employment discrimination and retaliation claims brought pursuant to 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964.

We review *de novo* a district court's order granting a motion for summary judgment. *Sotomayor v. City of New York*, 713 F.3d 163, 164 (2d Cir. 2013). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although we draw all inferences in favor of the non-moving party, that non-moving party may not rely upon "conclusory statements or mere allegations," but must instead "go beyond the pleadings, and by his or her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002) (internal quotation marks and alterations omitted). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*     \*     \*

2

As an initial matter, Flowers argues that the district court granted only partial summary judgment because it did not mention Flowers's claims brought under 42 U.S.C. § 1981 in its order. After reviewing the decision below, we disagree. "[T]he order clearly stated that the [complaint] was dismissed in its entirety, and the court clearly intended exactly that result[.]" *Cox v. United States*, 783 F.3d 145, 148 (2d Cir. 2015). In other words, though the district court did not discuss Flowers's § 1981 claims, it clearly intended to dismiss them, and we may affirm on any grounds supported by the record, whether or not explicitly relied upon by the district court. *See Mitchell v. City of New York*, 841 F.3d 72, 77 (2d Cir. 2016). As discussed below, the district court properly granted summary judgment on *all* of Flowers's claims.

First, we affirm the district court's dismissal of Flowers's discrimination claims. Flowers, an African-American woman, asserts that Eversource discriminated against her in failing to promote her from the position of Associate Analyst to that of Analyst in 2013. Failure-to-promote claims brought under Title VII and § 1981 proceed under the burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Patterson v. McLean Credit Union,* 491 U.S. 164, 186–87 (1989), *superseded by statute on other grounds*, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1074; *Howley v. Town of Stratford*, 217 F.3d 141, 150 (2d Cir. 2000). Pursuant to this framework, a plaintiff must first establish a *prima facie* case of discrimination, showing among other things, that she was qualified for the denied position. *Id.* at 150. If the plaintiff meets this burden, and the employer comes forward with evidence of a legitimate, nondiscriminatory reason for its decision, the plaintiff must present sufficient evidence for a rational finder of fact to infer that the employer's proffered reason is pretext for discrimination

3

in order to withstand summary judgment. *Id.* In conducting this analysis, we "must respect an employer's unfettered discretion to choose among qualified candidates." *Sassaman v. Gamache*, 566 F.3d 307, 314 (2d Cir. 2009) (internal quotation marks and alterations omitted).

Even assuming that Flowers has established a *prima facie* case of race-based discrimination, we agree with the district court that she has failed to produce sufficient evidence that the failure to promote her was motivated by discriminatory animus rather than by Eversource's stated motivations. Eversource has offered "legitimate, non-discriminatory reason[s]," *McDonnell Douglas*, 411 U.S. at 802, for its failure to promote Flowers, including evidence that Flowers's work performance as an Associate Analyst was substandard and erratic. Indeed, only a few months prior to Eversource's failure to promote her, Flowers received a performance review indicating that she at best met expectations as an Associate Analyst, a position beneath that to which she sought to ascend. Flowers, for her part, has failed to offer sufficient evidence of pretext. *See Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997) ("[E]ven in the discrimination context, a plaintiff must provide more than conclusory allegations of discrimination to defeat a motion for summary judgment."). The district court therefore did not err in dismissing Flowers's discrimination claims and granting Eversource's motion for summary judgment on those claims.

Next, we affirm the district court's decision to grant summary judgment in favor of Eversource on Flowers's retaliation claims predicated on her filing of an internal discrimination complaint in 2013. Retaliation claims under Title VII and § 1981 are also subject to the *McDonnell Douglas* framework. *See Littlejohn v. City of New York*, 795 F.3d 297, 315 (2d Cir. 2015). Again, even assuming that Flowers has established a *prima facie* showing of retaliation, Eversource has

4

offered ample evidence of legitimate, non-retaliatory reasons for the allegedly adverse actions taken toward Flowers following her filing of the complaint. Yet Flowers has failed to provide sufficient evidence that these actions were instead motivated by discriminatory animus. For example, Flowers highlights an exchange where an Eversource employee conveyed to her that the company's Information Technology Department was ending its investigation into an alleged "spoofing" (*i.e.*, hacking) of her email. Eversource, however, presented a non-retaliatory justification for this interaction: The company had twice investigated Flowers's "spoofing" allegation and found it meritless. Flowers has failed to provide support for her claim that this exchange in fact constituted a retaliatory threat, issued in response to her internal complaint.

Finally, Flowers argues that the district court erred in declining to consider her two additional allegations of retaliation: Eversource's alleged inadequate investigation of her internal discrimination complaint and its refusal to promote her for a second time in 2016. Flowers, however, asserted these claims for the first time in her opposition to summary judgment, and the district court therefore properly declined to consider them. *See Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (recognizing that a party may not use an opposition to a dispositive motion as a means to amend the complaint). In any event, Flowers has not provided evidence that Eversource acted with a retaliatory motivation either when it determined the scope of its

investigation or when it refused to promote Flowers in 2016.[1]

We have considered all of Flowers's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Flowers asserts that her supervisor subjected her to disparate treatment based on her race beginning in 2010. She also claims that Eversource engaged in an illegal cover-up of its wrongdoing by omitting information from affidavits submitted to the Equal Employment Opportunity Commission. Because Flowers raised both of these claims for the first time on appeal, we decline to consider them here. *See Askins v. Doe No. 1*, 727 F.3d 248, 252 (2d Cir. 2013). We also decline to consider Flowers's argument, raised for the first time in her reply brief, that she should have been granted leave to amend her complaint a second time. *See JP Morgan Chase Bank v. Altos Hornos de Mex., S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005) ("[A]rguments not made in an appellant's opening brief are waived even if the appellant pursued those arguments in the district court or raised them in a reply brief.").