Rene Alfredo BILLINO,
Plaintiff–Appellant,

v.

CITIBANK, N.A. and Citibank (New York State), Defendants–Appellees.

CITIBANK (NEW YORK STATE),
Defendant–Third Party
Plaintiff-Appellee,

v.

NATIONSBANK OF TENNESSEE, N.A.,
Third Party Defendant–Cross–
Claimant–Appellee.

No. 1431, Docket 96–9410.

United States Court of Appeals,
Second Circuit.

Argued May 15, 1997.

Decided Sept. 9, 1997.

David A. Bythewood, Bythewood & Associates, Garden City, NY, for Plaintiff–Appellant.

Candace Reid Gladston, Certilman Balin Adler & Hyman, East Meadow, NY (Thomas J. McNamara, of counsel), for Defendant–Appellee Citibank, N.A., and Defendant–Third Party Plaintiff–Appellee Citibank (New York State).

Thomas M. Hennessey, Maimone & Angel, Mineola, NY, for Third Party Defendant–Cross–Claimant–Appellee Nationsbank of Tennessee, N.A.

Before: WINTER, Chief Judge, and ALTIMARI and CABRANES, Circuit Judges.

WINTER, Chief Judge:

This appeal arises out of an action brought by Rene Alfredo Billino against Citibank, N.A., and Citibank (New York State) (collectively "Citibank") to recover damages based on an allegedly improper disbursement that Citibank made from Billino's money-market account. The suit was commenced on July 13, 1994. On July 5, 1995, Billino died at his home in Argentina. The next day, Citibank's counsel served a notice of suggestion of death on Billino's attorneys and subsequently filed the notice with the court. Over eleven months later, on June 13, 1996, Billino's widow, Italia La Civita, the administratrix of Billino's estate, moved to substitute herself as the plaintiff pursuant to Rule 25(a), Fed. R.Civ.P. Judge Gleeson denied the motion as untimely and dismissed the action. *Billino v. Citibank*, No. 94–CV–3231 (JG) (E.D.N.Y. Sept. 10, 1996).

A notice of appeal was filed only in the name of the deceased plaintiff, Billino, not in the name of the movant, La Civita. Because La Civita is the only party who would obtain relief from a reversal of the denial of her motion to substitute and of the dismissal of the action, we lack jurisdiction and dismiss the appeal.

## BACKGROUND

On July 13, 1994, Billino sued Citibank for conversion, negligence, and breach of fiduciary duty. He alleged that Citibank issued a cashier's check from his money-market account to someone not authorized to receive the proceeds. The cashier's check was negotiated at Nationsbank in Tennessee, against whom Citibank commenced a third-party action. On July 5, 1995, Billino died in Buenos Aires, Argentina. On the next day, July 6, 1995, Citibank's counsel sent a letter to Bythewood & Associates, attorneys for the deceased Billino, stating "the action is stayed pending substitution of the executor or other fiduciary of the estate of Rene Alfredo Billino." Citibank's counsel simultaneously served Bythewood & Associates with a notice of suggestion of death and filed this notice with the district court on July 10, 1995. Under Rule 25(a)(1), Fed.R.Civ.P., a motion for substitution must be made within 90 days after a notice of suggestion of death on the record or the action "shall be dismissed."

On November 20, 1995, approximately four months after the filing of the notice of suggestion of death, Billino's widow, La Civita, was appointed administratrix of his estate by an order of the Argentine court. On June 13, 1996, nearly seven months after that appointment and over eleven months after the notice of suggestion, La Civita moved to be substituted for the plaintiff pursuant to Rule 25(a). She was also represented by Bythewood & Associates. The district court found La Civita's motion untimely because: (i) it was made well after Rule 25(a)(1)'s 90–day period for substitution, triggered by service

of the notice of suggestion of death, had run; (ii) there was never a motion to extend the time period for substitution, pursuant to Rule 6(b)(2); and (iii) La Civita failed to show that her delay was a result of excusable neglect. Having denied the motion to substitute, the district court also dismissed the underlying action.

Bythewood & Associates filed a timely notice of appeal in the name of Billino. No appeal was filed in the name of La Civita or in the name of the estate of Billino. Nevertheless, the only arguments raised on appeal concern the district court's denial of the motion to substitute La Civita as the proper plaintiff in her role as administratrix. Those arguments are that: (i) Citibank's service of the notice of suggestion of death on Bythewood & Associates was legally insufficient because the firm was on record as representing Billino and not La Civita; and (ii) La Civita's delay in moving for substitution should be excused due to legal complications in Argentina.

## DISCUSSION

■ The problem before us, of course, is that although the district court dismissed the action, the only argument for reversal made on appeal is that the denial of La Civita's motion was error. Billino's counsel does not argue that Billino can pursue the appeal and that the dismissal of the action was error as to him. This is a concession, albeit tacit, that the action cannot proceed without substitution of La Civita as plaintiff. We agree. A deceased plaintiff simply no longer has a cognizable interest in the outcome of litigation such as this. Unfortunately, Billino's incapacity to pursue the action extends to an appeal from a denial of La Civita's motion,[1] and it is also unfortunately beyond dispute that the notice of appeal should have been in her name.

■ This is no minor problem that we may overlook in the interests of some general notion of equitable relief. Federal Rule of Appellate Procedure 3(c), which requires that a notice of appeal "specify the party or parties taking the appeal," is jurisdictional and cannot be waived by the parties or the court. *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317, 108 S.Ct. 2405, 2408, 101 L.Ed.2d 285 (1988).

In *Torres,* the Supreme Court held that while mistakes of mere form are not fatal to the appeal, the *"failure* to name a party in a notice of appeal is more than excusable 'informality'; it constitutes a failure of that party to appeal," *id.* at 314, 108 S.Ct. at 2407 (emphasis added). In *Torres,* the Court held that where a notice of appeal omitted the name of one of sixteen plaintiffs seeking to intervene in an employment suit, the appellate court lacked jurisdiction over the unnamed party. *Id.*

In 1993, the Supreme Court approved an amendment to Rule 3 in response to the "great deal of litigation" that followed the *Torres* decision "regarding whether a notice of appeal that contains some indication of the appellants' identities but does not name the appellants is sufficiently specific," *see* Fed. R.App. P. 3 advisory committee's note to 1993 amend. Rule 3(c) now provides that an "appeal will not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice." The Advisory Committee explained this change as follows:

> The amendment states a general rule that specifying the parties should be done by naming them. Naming an appellant in an otherwise timely and proper notice of appeal ensures that the appellant has perfected an appeal. However, in order to prevent the loss of a right to appeal through inadvertent omission of a party's

---

1. If anything, our point is underlined by appellant's argument that Citibank's service of the notice of suggestion of death is legally inadequate because it was served on counsel for Billino. If service on the deceased plaintiff is inadequate because he was not a proper party in the case, then filing the notice of appeal only in his name is *a fortiori* inadequate. How to serve a notice of suggestion of death seems a trickier question than how to appeal from a denial of a motion to substitute. We offer no opinion as to the adequacy of the service of the notice of suggestion. The issue was raised for the first time on this appeal, and we also express no opinion on whether it may now be pursued in the district court.

name or continued use of such terms as "et al.," which are sufficient in all district court filings after the complaint, the amendment allows an attorney representing more than one party the flexibility to indicate which parties are appealing without naming them individually. . . .

In class actions, naming each member of a class as an appellant may be extraordinarily burdensome or even impossible. . . . Therefore the amendment provides that in class actions, whether or not the class has been certified, it is sufficient for the notice to name one person qualified to bring the appeal as a representative of the class.

Finally, the rule makes it clear that dismissal of an appeal should not occur when it is otherwise clear from the notice that the party intended to appeal. If a court determines it is objectively clear that a party intended to appeal, there are neither administrative concerns nor fairness concerns that should prevent the appeal from going forward.

Fed. R.App. P. 3 advisory committee's note to 1993 amend. The 1993 Amendment was intended, therefore, to alleviate the inadvertent loss of the right to appeal through the use of terms such as "et al." or through use of the name of a representative plaintiff in class actions.

■ We discuss this amendment and its purpose at length only because it is a response to *Torres* and, if anything, underlines the inadequacy of the notice of appeal in the instant matter. Although a clarification of *Torres*, the amendment offers no relief in situations where the party "d[oes] not file the functional equivalent of a notice of appeal," or where the party is "never named or otherwise designated, however inartfully," *Torres*, 487 U.S. at 317, 108 S.Ct. at 2408. Thus, while the courts are to construe Rule 3's requirements liberally, *see, e.g., State Trading Corp. of India v. Assuranceforeningen Skuld*, 921 F.2d 409, 412–13 (2d Cir.1990) ("we are guided by the principle that the requirements of the rules should be liberally construed"), a complete *failure* to name the party taking the appeal creates a fatal defect. *See Smith v. Barry*, 502 U.S. 244, 248, 112 S.Ct. 678, 681, 116 L.Ed.2d 678 (1992) ("Courts will liberally construe the requirements of Rule 3. . . . This principle of liberal construction does not, however, excuse noncompliance with the Rule.").

To hold otherwise would render the requirements of Rule 3 meaningless. Naming the appealing party is a fundamental purpose of requiring a formal notice of appeal, as it "serves both the interests of finality, in that courts of appeal may not exercise jurisdiction over unnamed parties after the time for filing a notice of appeal has passed, and of fairness, because the purpose of the specificity requirement of Rule 3(c) is to provide notice both to the opposition and to the court of the identity of the appellant or appellants." *DeLuca v. Long Island Lighting Co.*, 862 F.2d 427, 429 (2d Cir.1988) (internal quotation marks omitted).

The instant matter is similar to *DeLuca*, in which the appeal was from an award of sanctions imposed on the plaintiff's attorney. *Id.* at 429. The notice of appeal, however, was solely in the name of the plaintiff. We held there that we had no jurisdiction under Rule 3(c) because the notice of appeal was not filed in the name of the party in interest, the attorney. *Id.* The party in interest in the instant matter is the movant, La Civita. She was the movant in the district court and the only person who seeks standing to prosecute the action. La Civita should, therefore, have filed a notice of appeal.[2]

---

2. There appears to be no direct precedent for our ruling. However, an examination of captions indicates that the general practice in filing appeals from denials of motions for substitution is in accordance with our holding. *See Arnold Graphics Indus., Inc. v. Independent Agent Ctr., Inc.*, 775 F.2d 38 (2d Cir.1985); *Stephenson v. Landegger*, 464 F.2d 133 (2d Cir.1972); *Iovino v. Waterson*, 274 F.2d 41 (2d Cir.1959); *Grandbouche v. Lovell*, 913 F.2d 835 (10th Cir.1990); *Parkerson v. Carrouth*, 782 F.2d 1449 (8th Cir. 1986); *Fariss v. Lynchburg Foundry*, 769 F.2d 958 (4th Cir.1985); *Collateral Control Corp. v. Deal (In re Covington Grain Co.)*, 638 F.2d 1357 (5th Cir.1981); *Panther Pumps & Equip. Co. v. Hydrocraft, Inc.*, 566 F.2d 8 (7th Cir.1977), *cert. denied sub nom. Beck v. Morrison Pump Co.*, 435 U.S. 1013, 98 S.Ct. 1887, 56 L.Ed.2d 395 (1978); *Boggs v. Dravo Corp.*, 532 F.2d 897 (3d Cir.1976); *Downie v. Pritchard*, 309 F.2d 634 (8th Cir.1962); *Graham v. Pennsylvania R.R.*, 342 F.2d 914 (D.C.Cir.1964); *Perry v. Allen*, 239 F.2d 107 (5th Cir.1956); *Ralph D'Oench Co. v. Woods*, 171

The only argument offered in response to our concerns is that if Billino cannot pursue this appeal, "the result would be to effectively make denials of such substitution motions unreviewable by the Court of Appeals." Reply Br. of Appellant at 2. We disagree. There is no bar to La Civita's or any other similarly situated movant's pursuit of an appeal from the denial of a motion to be substituted as plaintiff.

First, because the denial of the motion to substitute caused the dismissal of the action, an appeal by La Civita would be from a final order and authorized by 28 U.S.C. § 1291. Second, even if the action here were not dismissed and remained pending, albeit in suspense for lack of a party with standing to prosecute it, the denial of La Civita's motion for substitution would be appealable under the collateral order exception recognized in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The collateral order exception applies to district court decisions that "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Id.* at 546, 69 S.Ct. at 1225. To qualify as an appealable collateral order, the matter must: (i) resolve an important issue apart from the merits; (ii) conclusively determine the disputed question; and (iii) be effectively unreviewable on appeal from a final judgment. *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 375, 107 S.Ct. 1177, 1181, 94 L.Ed.2d 389 (1987); *In re Painewebber Inc. Ltd. Partnerships Litig.*, 94 F.3d 49, 52 (2d Cir.1996).

The denial of La Civita's motion to substitute herself as plaintiff would meet the requirements of *Cohen* because the order: (i) is separate from the merits of the dispute with Citibank; (ii) conclusively determines La Civita's standing to prosecute the suit; and (iii) results in a total bar to recovery because there is no party able to carry on the action. *See, e.g., Staggers v. Otto Gerdau Co., Inc.*, 359 F.2d 292, 295 (2d Cir.1966) (appeal from denial of motion for substitution); *Collateral Control Corp. v. Deal (In re Covington Grain Co.)*, 638 F.2d 1357, 1360 (5th Cir.1981) (denial of substitution appealable under *Cohen* exception).

Without an adequate notice of appeal, we lack jurisdiction and cannot reach the merits of the appeal.[3] *Smith*, 502 U.S. at 248, 112 S.Ct. at 681 ("noncompliance is fatal to an appeal"). The appeal is therefore dismissed.

---

F.2d 112 (8th Cir.1948). Some captions, however, suggest that parties other than the movant brought the appeal. *See Barlow v. Ground*, 39 F.3d 231 (9th Cir.1994); *Anderson v. Republic Motor Inns, Inc.*, 444 F.2d 87 (3d Cir.1971); *Hofheimer v. McIntee*, 179 F.2d 789 (7th Cir. 1950); *Bowles v. Wilke*, 175 F.2d 35 (7th Cir. 1949). Nevertheless, these are not decisions addressing the issue decided here.

3. Appellant's Reply Brief states that La Civita has, subsequent to the dismissal of the present case by the district court, brought an action in the Eastern District against Citibank alleging that she was "a joint depositor" on the account in question and may sue in her own right. Reply Br. of Appellant at 2–3. We express no view as to the effect of the disposition of this appeal on that action.