16-1758-cv
*Ashmore v. CGI Group, Inc.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2016

(Argued: March 2, 2017  Decided: June 21, 2017)

Docket No. 16-1758-cv

BENJAMIN J. ASHMORE, SR.,

*Plaintiff-Appellant,*

— v. —

CGI GROUP, INC., CGI FEDERAL, INC.

*Defendants-Appellees.*

Before:

KATZMANN, *Chief Judge*, POOLER and LYNCH, *Circuit Judges.*

Benjamin Ashmore appeals from the order of the district court (Analisa Torres, *J.*) dismissing him as the plaintiff in this Sarbanes-Oxley whistleblower action and allowing Barbara A. Edwards, the Trustee of his bankruptcy estate ("Trustee"), to be substituted as the plaintiff. Ashmore argues that he has standing to prosecute the whistleblower action because, contrary to the district court's ruling, the Trustee abandoned the lawsuit to Ashmore. *See* 11 U.S.C. § 554(c). Because the district court's dismissal of the case as to Ashmore and the substitution of the Trustee as the plaintiff are interlocutory orders that are not

immediately appealable, we DISMISS the appeal for lack of jurisdiction. Accordingly, we VACATE the temporary stay of the district court proceedings entered on July 6, 2016, and we DENY Ashmore's pending motion to stay as moot.

ROBERT HERBST, Herbst Law PLLC, New York, NY, *for* plaintiff-appellant Benjamin J. Ashmore.

ZACHARY D. FASMAN (Andrew M. Schnitzel, *on the brief*), Proskauer Rose LLP, New York, NY, *for* defendants-appellees CGI Group, Inc. and CGI Federal, Inc.

---------------

GERARD E. LYNCH, *Circuit Judge*:

Benjamin Ashmore appeals from the order of the district court (Analisa Torres, *J.*) dismissing him as the plaintiff in this Sarbanes-Oxley whistleblower action and allowing Barbara A. Edwards, the Trustee of his bankruptcy estate ("Trustee"), to be substituted as the plaintiff. Ashmore argues that he has standing to prosecute the whistleblower action because, contrary to the district court's ruling, the Trustee abandoned the lawsuit to Ashmore. *See* 11 U.S.C. § 554(c). Because the district court's dismissal of the case as to Ashmore and the substitution of the Trustee as the plaintiff are interlocutory orders that are not immediately appealable, we DISMISS the appeal for lack of jurisdiction. Accordingly, we VACATE the temporary stay of the district court proceedings

2

entered on July 6, 2016, and we DENY Ashmore's pending motion to stay as moot.

## BACKGROUND

This case has a long and somewhat complex procedural history. We recount only those facts necessary to resolve the limited issue before us: whether we have jurisdiction over Ashmore's appeal. In November 2011, Ashmore filed a whistleblower action against the defendants CGI Group, Inc. and CGI Federal, Inc. (collectively, "CGI") under the Sarbanes-Oxley Act, 18 U.S.C. § 1514A. In that complaint, he alleged that CGI fired him for objecting to its purported scheme to defraud the United States Department of Housing and Urban Development. CGI maintains that it fired Ashmore for deficient job performance and that the scheme that his complaint describes is nonexistent.

In April 2013, while his whistleblower action was pending, Ashmore filed a *pro se* bankruptcy petition in the United States Bankruptcy Court for the District of New Jersey. He listed the whistleblower lawsuit on the portion of his petition called the Statement of Financial Affairs ("SOFA"), identifying the action as a pending lawsuit "to which the debtor is or was a party within one year immediately preceding the filing" of the bankruptcy petition. Joint Appendix

3

("J.A.") 108 (emphasis omitted). He failed, however, to list the lawsuit as an asset on the petition's Schedule B, which requires debtors to "list all personal property of the debtor of whatever kind." J.A. 80. Although Ashmore did not disclose the lawsuit as an asset on Schedule B, he later informed the bankruptcy Trustee of the action and the potential for a financial award. In July 2013, counsel for the bankruptcy Trustee wrote that, in the Trustee's view, the "best course of action would be for the Trustee to retain counsel representing the debtor in the whistleblower action, with any settlement or judgment to be administered through" the bankruptcy court. J.A. 164.

In a September 2013 letter agreement, which was not disclosed to the district court or the bankruptcy court, the Trustee agreed to allow Ashmore to continue as the plaintiff in the whistleblower action as long as he met certain conditions. Specifically, the Trustee wrote that she was "willing to close the bankruptcy case and not administer the asset at this time" if Ashmore would "agree[] to the reopening of the bankruptcy case . . . should the trustee determine that the collection on the litigation is sufficient to provide a distribution to unsecured creditors and further agree[] not to assert that the litigation ha[d] been abandoned by the trustee." J.A. 177. In other words, the Trustee agreed that

4

Ashmore could remain the plaintiff in the action in exchange for allowing the proceeds from the litigation to go to his bankruptcy estate and promising not to argue that the Trustee had abandoned the whistleblower lawsuit, which would otherwise be an asset of the bankruptcy estate, to Ashmore. The bankruptcy Trustee filed a "Report of No Distribution" in the bankruptcy court on September 17, 2013. Two months later, Ashmore was granted a discharge and his bankruptcy case was closed. The whistleblower action proceeded, with Ashmore as the plaintiff.

After extensive motion practice, the district court denied summary judgment in part[1] and the Sarbanes-Oxley whistleblower claim was scheduled to go to trial in January 2016. Ashmore's counsel has represented that defendants at one point made a settlement offer of $800,000, which Ashmore rejected. At that point, CGI retained new counsel and moved to dismiss the case for lack of jurisdiction, arguing that the lawsuit was property of the bankruptcy estate, that the Trustee was the proper plaintiff, and that Ashmore did not have standing to litigate the action. In opposing the motion to dismiss, Ashmore argued that the

---

[1] Ashmore's complaint also included a breach of contract claim on which summary judgment was granted to the defendants.

Trustee had abandoned the action as a potential asset of the estate and that the lawsuit therefore belonged to Ashmore.[2] The district court granted the motion to dismiss, concluding that the Trustee had not abandoned the asset because Ashmore failed to "schedule" it within the meaning of 11 U.S.C. § 554(c). In so holding, the court relied in part on our summary order in *Ayazi v. New York City Bd. of Educ.*, 315 F. App'x 313 (2d Cir. 2009), a case with similar relevant facts, where we reached the same conclusion. The district court did not, however, dismiss the suit altogether: it dismissed the case but delayed entering a judgment closing the case "to afford the Trustee the opportunity to move to be substituted as plaintiff." J.A. 509.

Ashmore appealed immediately, before the bankruptcy Trustee moved to be substituted as the plaintiff. Ashmore then moved before the district court to stay the case pending appeal, and when that motion was denied, he requested a stay from this Court on July 1, 2016. On July 6, an applications judge entered a

---

[2] The Trustee moved to reopen the bankruptcy case after learning that Ashmore had argued to the district court that she abandoned the whistleblower lawsuit. The bankruptcy case was reopened, and the Trustee wrote to the district court that she intended to move to be substituted in the whistleblower action if the bankruptcy court determined that the Trustee had not abandoned the asset. The district court then issued an order notifying the parties of its intent to decide the motion to dismiss.

temporary stay of the district court's proceedings until a motions panel could resolve Ashmore's motion for a stay. One month later, the motions panel issued an order keeping the temporary stay in place with one exception: the district court was permitted to substitute the Trustee as the plaintiff. The Trustee promptly moved to be substituted as the plaintiff and the district court granted that motion. The district court proceedings otherwise remain paused.

On appeal, Ashmore contends that the district court erred in concluding that his action was not properly "scheduled" and that, therefore, the Trustee could not abandon the action by operation of law under 11 U.S.C. § 554(c). In response, CGI defends the district court's decision on the merits and argues that we do not have appellate jurisdiction.[3] We agree with CGI that we do not have jurisdiction over Ashmore's appeal. Thus, we may not address the underlying merits of the dispute.

_____

[3] In the motions panel's August 3, 2016 order extending the temporary stay of the district court proceedings, we directed the parties to address our jurisdiction over Ashmore's appeal in the merits briefing. In response, CGI moved to dismiss the appeal for lack of jurisdiction, and that motion was referred to us.

**DISCUSSION**

Ashmore argues that we have appellate jurisdiction because the order dismissing the whistleblower action as to him is either final under 28 U.S.C. § 1291 or immediately appealable under the collateral order doctrine. Neither contention is persuasive.

**I. The order dismissing Ashmore as plaintiff is not final.**

"The courts of appeals . . . have jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. "The finality requirement in § 1291 evinces a legislative judgment that restricting appellate review to final decisions prevents the debilitating effect on judicial administration caused by piecemeal appeal disposition of what is, in practical consequence, but a single controversy." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 471 (1978) (internal quotation marks and alteration omitted). "[F]ederal appellate jurisdiction [thus] ordinarily depends on the existence of a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Wabtec Corp. v. Faiveley Transp. Malmo AB*, 525 F.3d 135, 137 (2d Cir. 2008) (internal quotation marks omitted). With only a limited number of exceptions, orders that "allow[] the litigation to continue" are

8

not final for purposes of § 1291 and therefore are not immediately appealable. *Id.* at 138 (internal quotation marks omitted). To state it another way, in general, orders that dismiss an action "in its entirety, leaving nothing to be adjudicated in the district court" are final under § 1291. *Cox v. United States*, 783 F.3d 145, 147 (2d Cir. 2015).

The district court's dismissal of the action as to Ashmore, and corresponding substitution of the bankruptcy Trustee as plaintiff, are plainly not final appealable orders under that definition. *See Bauer v. Commerce Union Bank, Clarksville, Tenn.*, 859 F.2d 438, 440 (6th Cir. 1988) (assuming without analysis that an order substituting a bankruptcy trustee as plaintiff was not final and proceeding to address the collateral order doctrine). The district court has not entered a judgment, and upon dismissal of this appeal the whistleblower action may continue to its conclusion. Although the district court dismissed the action, it did so only as to Ashmore, and it expressly permitted the bankruptcy Trustee to move to be substituted as the plaintiff. *See Slayton v. Am. Exp. Co.*, 460 F.3d 215, 224 (2d Cir. 2006) (holding that dismissal with leave to amend is a non-final order that is not appealable since the litigation may continue via an amendment to the complaint). Since the Trustee moved to be substituted as the plaintiff, and the

9

district court granted that motion, the case is ongoing and there is no final order that is within our jurisdiction to review.[4]

Ashmore's arguments to the contrary are unpersuasive. Ashmore contends that the order effectively "put [him] out of court" because the order incorrectly "dismissed Ashmore, the sole plaintiff with proper standing, and replaced him with the Trustee, an improper party lacking standing." Reply Br. 1, 2. In Ashmore's view, the order is final because the district court erred in dismissing the action and substituting the Trustee, thereby depriving itself of subject matter jurisdiction. We have held, however, that "denial of a motion to dismiss, even when the motion is based upon jurisdictional grounds, is not immediately reviewable." *Wabtec Corp.*, 525 F.3d at 137 (internal quotation marks omitted); *see also Harrison v. Nissan Motor Corp. In U.S.A.*, 111 F.3d 343, 347 (3d Cir. 1997) ("[t]he denial of a motion to dismiss for lack of subject matter jurisdiction is not appealable."). Thus, immediate appeal is not automatically authorized whenever a party alleges that a district court order has permitted a suit to move forward in

---

[4] Had the Trustee "disclaim[ed] any intent to" seek substitution, she might have "render[ed] [the] non-final order 'final' and appealable." *Slayton*, 460 F.3d at 224. Given that the Trustee was substituted as the plaintiff and has indicated her intent to proceed, however, we cannot review the dismissal.

the absence of proper subject matter jurisdiction. More broadly, an interlocutory order does not become immediately appealable if the reviewing Court is persuaded that the district court committed reversible error.[5] *Cf. Cox*, 783 F.3d at 149 (concluding that an order was final even where it contained "erroneous or incomplete reasoning" that would not have supported a complete dismissal of a petition for habeas corpus because the finality of an order does not depend on its being correct). We therefore reject the claim that the district court's order is appealable because the district court, in Ashmore's view, divested itself of subject matter jurisdiction by dismissing Ashmore from the suit.

Second, Ashmore analogizes the district court's dismissal of the whistleblower action as to him to an order denying a motion for intervention as of right. *See* Fed. R. Civ. P. 24(a). Specifically, he argues that "depriving [him] of standing to prosecute his own case . . . is the functional equivalent of denying intervention when the right to intervene is absolute." Reply Br. 7. In general, "an order prevent[ing] a putative intervenor from becoming a party" is "subject to immediate review." *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 377

---

[5] We of course express no view on the underlying merits of the district court's conclusion that the bankruptcy Trustee did not abandon the asset because it was not properly scheduled.

11

(1987); *see In re Katz*, 623 F.2d 122, 124 (2d Cir. 1980). That rule originated in *Brotherhood of Railroad Trainmen v. Baltimore & O. R. Co.*, 331 U.S. 519, 524 (1947), in which the Court held that, "where a statute or the practical necessities grant the applicant an absolute right to intervene, the order denying intervention becomes appealable." The Court later explained the reason for that rule: "the order denying all intervention was *by necessity* subject to immediate review, because the applicant could not appeal from any subsequent order or judgment in the proceeding." *Stringfellow*, 480 U.S. at 378 (internal quotation marks and brackets omitted, emphasis in original). In such circumstances, the putative intervenor has "no recourse other than pretrial review." *Id.* To state it another way, so far as the "unsuccessful applicant for intervention . . . is concerned, the lawsuit is all over." *Shore v. Parklane Hosiery Co.*, 606 F.2d 354, 356 (2d Cir. 1979) (internal quotation marks and citation omitted).

That is not the case here, where Ashmore can appeal an unsatisfactory resolution of the case, as well as, at a minimum, the district court's order dismissing him from the action, when the litigation concludes. Unlike the failed movant for intervention, who does not become a party to the litigation, Ashmore was a party from the beginning of the lawsuit until he was dismissed for lack of

12

standing and the Trustee was substituted as the plaintiff. His position is thus analogous not to that of the would-be intervenor, but to that of one of multiple plaintiffs whose claims are dismissed while those of other plaintiffs remain. The dismissal of a co-plaintiff's claim does not resolve the litigation, and the dismissed plaintiff may not immediately appeal from the non-final order of dismissal. *See Robinson v. Parke-Davis & Co.*, 685 F.2d 912, 913 (4th Cir. 1982) (dismissing a plaintiff's appeal for lack of jurisdiction where all of her claims were dismissed but some of her co-plaintiff's claims proceeded to discovery). This is so because "complete disposition of one or more claims among all parties is not final so long as another claim remains to be decided." 15A C. Wright & A. Miller, Federal Practice and Procedure § 3914.7 (2d ed. Apr. 2017 Update) ("Wright & Miller"). To state it another way, "finality does not attach to an order that dismisses some plaintiffs but not all." *Id.; see Citizens Accord, Inc. v. Town of Rochester, N.Y.*, 235 F.3d 126, 128-29 (2d Cir. 2000).

A dismissed plaintiff may appeal an "interlocutory order of dismissal" only after a "final judgment has been entered, disposing of all the claims of all the

parties."[6] *Hogan v. Consol. Rail Corp.*, 961 F.2d 1021, 1025, 1026 (2d Cir. 1992)

(dismissing appeal after improper entry of Rule 54(b) judgment). That the claims

were dismissed for lack of standing, or that the district court believed that some

other party was the real party in interest, does not defeat the dismissed plaintiff's

ability to obtain appellate review of the interlocutory dismissal once a final order

is entered. *See* 7C Wright & Miller § 1962 ("The propriety of the substitution

[under Federal Rule of Civil Procedure 25] can be raised on appeal from a final

---

[6] Of course, a party may appeal an adjudication of "fewer than all of the claims in an action" if the district court properly enters a partial final judgment "permitting an aggrieved party to take an immediate appeal" under Federal Rule of Civil Procedure 54(b). *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991). We need not concern ourselves with that doctrine here because the district court did not enter a judgment pursuant to Rule 54(b). We observe, however, that the discretionary nature of Rule 54(b) supports our analysis. That is, Rule 54(b) provides that, "when multiple parties are involved [in an action], the court *may* direct entry of a final judgment as to one or more, but fewer than all . . . parties" under certain circumstances. Fed. R. Civ. P. 54(b) (emphasis added). The rule thus contemplates circumstances in which one party's claims are resolved but it is inappropriate to enter a final judgment as to that party due to prevailing "judicial administrative interests" and to "preserve[] the historic federal policy against piecemeal appeals." *Novick v. AXA Network, LLC*, 642 F.3d 304, 310-11 (2d Cir. 2011) (internal quotation marks and emphasis omitted). Accordingly, we have repeatedly stated that a district court's authority to enter a Rule 54(b) judgment should be "exercised sparingly." *Id.* at 310 (internal quotation marks omitted). In the majority of cases, therefore, the resolution of all of one party's claims will not justify the entry of a Rule 54(b) judgment. In such instances, the order disposing of that party "remain[s] interlocutory" until a final judgment as to all claims and parties. *Id.* at 314.

judgment."). Such is the case here, where Ashmore may appeal the district court's order dismissing him from the case after the litigation concludes. If, as Ashmore fears, the Trustee agrees to an inadequate settlement with CGI, he can appeal when there is a final judgment.[7]

**II. The order is not appealable under the collateral order doctrine.**

Ashmore next contends that, even if the dismissal of the action as to him is not a final order, it is immediately appealable under the collateral order doctrine. That doctrine allows us to review non-final orders when they: "[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] [are] effectively unreviewable on appeal from a final judgment." *Fischer v. N.Y. State Dep't of Law*, 812 F.3d 268, 273

---

[7] We note also that the action cannot be dismissed without a court order unless Ashmore consents. A plaintiff can only voluntarily dismiss an action without a court order by filing "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). If neither of those conditions is met, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). CGI answered the complaint in 2012, and Ashmore is a party who has appeared in the action. Thus, at a minimum, in addition to any procedural requirements that the Trustee must satisfy in the bankruptcy court to approve the settlement, the Trustee will need Ashmore's agreement or a court order in order to end the litigation.

(2d Cir. 2016) (internal quotation marks omitted).[8] Those conditions are "stringent" and must be kept so; otherwise, "the underlying doctrine will overpower the substantial finality interests [that] § 1291 is meant to further." *Id.* (internal quotation marks omitted).

The general rule thus remains that "a party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994). Further, "the issue of appealability . . . is to be determined for the entire category to which a claim belongs, without

---

[8] The requirements of the collateral order doctrine originated in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). There, the district court issued an order declining to apply a newly-enacted state law related to putting up security to cover litigation costs. *Id.* at 544-45. The Supreme Court held that the district court's decision was an immediately appealable collateral order because it "*finally* determine[d] claims of right separable from, and collateral to, rights asserted in the action," and "because it is a *final* disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it." *Id.* at 546-47 (emphasis added). By allowing appeals "from orders characterized as final under this doctrine even though it may be clear that they do not terminate the action or any part of it," 15A Wright & Miller § 3911, the collateral order doctrine is another way of describing a *final* order: that is, an order that is final with respect to a collateral issue and that is unreviewable on appeal from a final judgment. Although the *Cohen* doctrine could be considered an *aspect* of the final judgment rule, it is also an *exception* to that rule, and so, in the interest of clarity, we discuss it separately.

regard to the chance that the litigation at hand might be speeded, or a particular injustice averted." *Id.* (internal quotation marks and brackets omitted). Accordingly, only a limited class of cases has been held to satisfy the collateral order doctrine. For example, defendants may immediately appeal interlocutory rulings denying them qualified immunity, at least to the extent that such denials turn on questions of law, because such "immunity is a shield not only from liability, but also from the burdens of" litigation; thus, a "denial of immunity is effectively unreviewable if appeal is delayed until after a final judgment has been entered." *Locurto v. Safir*, 264 F.3d 154, 163 (2d Cir. 2001).

We need not consider whether the district court's order satisfies the first two parts of the collateral order test, *Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495, 498 (1989), because, as is often the case, the district court's order fails to satisfy the third prong: that the order is "effectively unreviewable" if an appeal is delayed until after a final judgment. *Fischer*, 812 F.3d at 273. This "third prong of the . . . [collateral order] test is satisfied only where the order at issue involves an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 799 (1989) (internal quotation marks omitted). "That a ruling may burden

17

litigants in ways that are only imperfectly reparable by appellate reversal of a final district court judgment has never sufficed." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 107 (2009) (internal quotation marks and ellipses omitted). "Instead, the decisive consideration is whether delaying review until the entry of final judgment would imperil a substantial public interest or some particular value of a high order." *Id.* (internal quotation marks omitted). For example, the Supreme Court has held that a district court's order requiring a criminal defendant to receive medication involuntarily was immediately appealable because, "[b]y the time of trial [the individual] will have undergone forced medication—the very harm that he seeks to avoid." *Sell v. United States*, 539 U.S. 166, 176-77 (2003).

As already explained, Ashmore can appeal from the final judgment in his whistleblower suit and challenge, at a minimum, the district court's order dismissing him from the suit. If he chooses to take an appeal, and a future panel of this Court accepts Ashmore's view that he was improperly dismissed from the lawsuit, he can "undo [the] harm" associated with an inappropriate dismissal. *Sell*, 539 U.S. at 177. *Cf. Prop-Jets, Inc. v. Chandler*, 575 F.2d 1322, 1325 (10th Cir. 1978) ("It has been generally held that an order granting substitution of a party [under Rule 25] or adding an additional party is interlocutory" and is not

18

immediately appealable under the collateral order doctrine because any harm could be undone on appeal from a final judgment). In other words, if this Court determines that the Trustee abandoned the lawsuit to Ashmore, the district court's judgment ending litigation between CGI and the Trustee may be vacated and the case remanded for further proceedings with Ashmore as the plaintiff.[9] The attendant inefficiencies would be no more burdensome than they are in any other case in which the final judgment rule requires parties to await a final judgment before appealing adverse interim rulings. To be sure, "[i]f it is eventually decided that the District Court erred, . . . [Ashmore] will have been put to unnecessary trouble and expense," but the Supreme Court "has declined to find the costs associated with unnecessary litigation to be enough to warrant allowing the immediate appeal of a pretrial order." *Lauro Lines s.r.l.*, 490 U.S. at 499.

Ashmore contends that the Trustee has interests that diverge from his in prosecuting the action. In other words, the Trustee's duty is primarily to Ashmore's creditors, and thus she may accept a settlement offer that does little more than compensate those creditors. The Trustee's divergent interests might

---

[9] We of course express no view as to the outcome of any such potential appeal.

indeed make it less likely that Ashmore is satisfied with the outcome of the whistleblower action. But that fact does not detract from Ashmore's ability to appeal after a final judgment.[10]

Finally, Ashmore contends that the district court's order satisfies the third prong of the collateral order test because it may have preclusive effect in the bankruptcy proceeding, citing *Mt. McKinley Ins. Co. v. Corning Inc.*, 399 F.3d 436 (2d Cir. 2005). In *Mt. McKinley*, we held that an order declining to abstain from adjudicating certain claims against insurers and staying the New York district court proceedings pending the resolution of those claims in the Bankruptcy Court for the Western District of Pennsylvania was immediately appealable under the collateral order doctrine. *Id.* at 440. We began by recognizing that, "under ordinary circumstances, a *refusal* to abstain would be reviewable on

---

[10] *Billino v. Citibank, N.A.*, 123 F.3d 723 (2d Cir. 1997), upon which Ashmore also relies, is inapposite. In *Billino*, the Court dismissed an appeal for lack of jurisdiction because the notice of appeal was defective. *Id.* at 726-27. In dicta, the Court observed that, "even if the action here were not dismissed and remained pending, albeit in suspense for lack of a party with standing to prosecute it," the denial of a motion to substitute a new party for a deceased plaintiff "would be appealable under the collateral order exception." *Id.* at 727. We noted that, on the facts of that case, the order would satisfy the exception because the order "result[ed] in a total bar to recovery because there [was] no party to carry on the action." *Id.* That is plainly not true here, where the Trustee stands ready to prosecute the action to its conclusion.

appeal from a final judgment, making the collateral order exception inapplicable." *Id.* at 442 (emphasis in original). We held that *Mt. McKinley* was not an ordinary case, however, because the district court stayed its proceedings, meaning that the outcome of the Pennsylvania litigation would have "preclusive effect" in New York and "would bar further litigation in the Southern District." *Id.* at 444. Thus, our review would have encompassed "only whether the Southern District ultimately made the correct judgment on claim preclusion and not whether it correctly abstained as an initial matter." *Id.* That inevitable limitation to our appellate review satisfied the third prong of the collateral order test. The concern in *Mt. McKinley* is not present here because, should Ashmore decide to appeal when the litigation concludes, we will be able to reach the merits of the district court's interlocutory dismissal order.

Ashmore also suggests that the order is unreviewable because the bankruptcy court in New Jersey may give it preclusive effect in determining that the Trustee has not abandoned the lawsuit to Ashmore, leading the bankruptcy court to approve a settlement between CGI and the Trustee. Even if the New Jersey court determines that the district court's order has preclusive effect in the bankruptcy proceeding, Ashmore has not explained how that determination

21

would infringe on *our* ability to review the dismissal on appeal from a final judgment. Indeed, courts may avoid issuing final judgments based on issue preclusion until the order creating the preclusive effect is no longer appealable. *See* Restatement (Second) of Judgments § 16 cmt. b (Am. Law Inst. 1982). And where a final judgment is entered based on the preclusive effect of another court's order, but the other court's order is later overturned on appeal, a party generally may move for the judgment to be set aside. *See* Fed. R. Civ. P. 60(b)(5) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding . . . [if] the judgment . . . is based on an earlier judgment that has been reversed or vacated . . . ."); Fed R. Bankr. P. 9024; Restatement (Second) of Judgments § 16 cmt. c (Am. Law Inst. 1982). In other words, even if the New Jersey bankruptcy court gives the district court's dismissal preclusive effect, Ashmore will be able to obtain appellate review of the merits of the district court's order in this Court.[11]

---

[11] Ashmore also suggests that this Court may later be bound by a decision that the bankruptcy court reaches based on the issue-preclusive effect of the district court's ruling. But he cites no case holding as much, and at least one court of appeals has explicitly rejected such reasoning. *See In re Kane*, 254 F.3d 325, 329-30 (1st Cir. 2001) ("[T]he town is seeking to block an appeal of an original 'merits' judgment by relying on the preclusive effect of later decisions which themselves relied on the original merits judgment now appealed. . . . Direct review of the

In sum, because the Trustee has been substituted as the plaintiff in the whistleblower action and the district court proceedings have not yet concluded, the dismissal of the action as to Ashmore is not a final order. Nor is it immediately appealable under the collateral order doctrine because Ashmore can obtain, on appeal from a final judgment, review of, at a minimum, the district court's order dismissing him from the suit.

## CONCLUSION

For the foregoing reasons, we DISMISS the appeal for lack of jurisdiction. Accordingly, we VACATE the temporary stay of the district court proceedings entered on July 6, 2016, and we DENY Ashmore's pending motion to stay as moot.

---

erroneous original decision cannot be precluded because, in the meantime, . . . other courts have adopted it by cross reference.").