NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**UBIQUITOUS CONNECTIVITY, LP,**
*Plaintiff*

**CHARLES SHAMOON,**
*Movant-Appellant*

**v.**

**TXU ENERGY RETAIL COMPANY LLC,**
*Defendant-Appellee*

---

2023-1349

---

Appeal from the United States District Court for the Northern District of Texas in Nos. 3:18-cv-02084-K, 3:20-cv-03586-K, Judge Ed Kinkeade.

---

Decided:  June 9, 2023

---

CHARLES SHAMOON, SR., Little Elm, TX, pro se.

ANITA SPIETH, Choate Hall & Stewart LLC, Boston, MA, for defendant-appellee.  Also represented by JOHN MARTIN JACKSON, Jackson Walker LLP, Dallas, TX.

---

Before LOURIE, TARANTO, and HUGHES, *Circuit Judges*.

PER CURIAM.

Ubiquitous Connectivity, LP, sued TXU Energy Retail Co. LLC in the Northern District of Texas, alleging infringement of three U.S. patents. When the attorneys for Ubiquitous moved to withdraw from representation (because Ubiquitous terminated their representation), the district court—recognizing that Ubiquitous, a limited partnership, could appear only through licensed counsel—deferred ruling on the motion until replacement counsel for Ubiquitous appeared. Replacement counsel was never named and did not appear; instead, Charles Shamoon, on behalf of Ubiquitous as its president, assigned the three asserted patents to himself in his personal capacity and moved to substitute himself for Ubiquitous as the plaintiff. TXU opposed and moved to dismiss the case because Ubiquitous, by failing to retain replacement counsel, failed to prosecute it. The district court granted TXU's motion, dismissing the case without prejudice under Federal Rule of Civil Procedure 41(b); and with the case dismissed, the court denied Mr. Shamoon's motion to substitute as moot. Mr. Shamoon in his personal capacity—but not Ubiquitous—appeals. We affirm.

I

On August 10, 2018, Ubiquitous sued TXU in the Northern District of Texas, alleging infringement of U.S. Patent Nos. 8,064,935 and 9,602,655. On December 8, 2020, Ubiquitous brought another action against TXU in the same court, alleging infringement of U.S. Patent No. 10,344,999. The district court consolidated the two cases on July 8, 2021.

On March 30, 2022, two attorneys representing plaintiff Ubiquitous moved to withdraw. One month later, the district court denied the motion without prejudice, explaining that the motion failed to specify the reasons for

withdrawal and that, if the motion were to be refiled, it would need to explain whether the two other attorneys who had also entered appearances for Ubiquitous, but who had not moved to withdraw, would remain as counsel. On June 3, 2022, all four attorneys representing Ubiquitous moved to withdraw, explaining that Ubiquitous had terminated their representation and had retained replacement counsel. The district court, "out of an abundance of caution," deferred ruling on the motion "until Plaintiff's replacement counsel has been named or otherwise makes an appearance in this case" for Ubiquitous, setting July 1, 2022, as the deadline for entry of an appearance. Appx. 411 (N.D. Tex. ECF No. 45).

The July 1 deadline passed without replacement counsel entering an appearance, and the four attorneys who had moved to withdraw asserted in a supplemental filing that Ubiquitous "ha[d] not identified [its] official replacement counsel to date." Appx. 412 (N.D. Tex. ECF No. 47). On July 6, 2022, the district court ordered the replacement counsel to appear by July 25, 2022, warning:

> Failure to timely comply with this order may result in dismissal of this case for want of prosecution, an order for Plaintiff's corporate representative to appear and show cause as to why replacement counsel has not made an appearance (i.e., complied with this Order), and / or any other available sanctions the Court deems appropriate.

Appx. 417–18 (N.D. Tex. ECF No. 48) (citing Fed. R. Civ. P. 11, 42). The district court continued to defer ruling on the motion to withdraw because the court, recognizing that "Plaintiff—a limited partnership—must be represented by licensed counsel," "w[ould] not permit Plaintiff to proceed pro se, even for a limited time while seeking replacement counsel." Appx. 417 (citing *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202

(1993); *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004)).

Five days before the July 25 deadline, Mr. Shamoon filed a "request to represent [him]self pro se," asserting that the '935, '655, and '999 patents had been assigned to him. Appx. 419 (N.D. Tex. ECF No. 50). Attached to that filing was a document dated July 19, 2022, and titled "assignment of rights," in which Mr. Shamoon—on behalf of Ubiquitous as its president—assigned the three patents to Mr. Shamoon for $5. Appx. 420–23 (N.D. Tex. ECF No. 50); *see also* U.S. Patent & Trademark Office, No. 507392198, Patent Assignment Cover Sheet (recording the assignments of the '935, '655, and '999 patents to Mr. Shamoon). Two days later, on July 22, 2022, Mr. Shamoon filed a document titled "Ubiquitous Connectivity LP No Longer the Plaintiff." Appx. 425 (N.D. Tex. ECF No. 51). The district court denied Mr. Shamoon's motion to represent himself pro se as noncompliant with Federal Rule of Civil Procedure 25 (addressing substitution) and struck the July 22 filing as procedurally deficient.

On August 8, 2022, Mr. Shamoon moved to substitute himself for Ubiquitous as the plaintiff. TXU opposed and moved to dismiss under Federal Rule of Civil Procedure 41(b) for failure to prosecute. Mr. Shamoon and Ubiquitous then filed a joint motion to substitute parties on September 9, 2022, a motion in which the only counsel signing for Ubiquitous was its corporate counsel, who noted that he and his firm did "not undertake representation in the above-referenced matter." Appx. 460 (N.D. Tex. ECF No. 59). The district court referred the motions to Magistrate Judge Horan.

On November 9, 2022, the magistrate judge recommended granting the motion to dismiss and denying as moot the motions to substitute and to withdraw. *See Ubiquitous Connectivity, LP v. TXU Energy Retail Co.*, No. 18-cv-2048, 2022 WL 17364274 (N.D. Tex. Nov. 9, 2022)

(Horan, Mag. J.).  Magistrate Judge Horan reasoned that Ubiquitous was "attempting to circumvent the requirement that [limited partnerships] appear with licensed counsel and refusing to comply with the Court's order for replacement counsel to appear on [its] behalf" and that Ubiquitous thereby had "prevented this action from proceeding properly and thus failed to prosecute this lawsuit." *Id.* at *3.  The magistrate judge noted that Ubiquitous had been warned that dismissal without prejudice was a potential consequence of noncompliance, *id.* at *4, and he concluded that a "Rule 41(b) dismissal of this lawsuit without prejudice [wa]s warranted," *id.* at *3.  He added that the motion to substitute would be moot if, as recommended, the case were dismissed.  *Id.* at *4.

District Judge Kinkeade adopted the findings, conclusions, and recommendations of Magistrate Judge Horan on November 30, 2022.  *See Ubiquitous Connectivity, LP v. TXU Energy Retail Co.*, No. 18-cv-2084, 2022 WL 17364261 (N.D. Tex. Nov. 30, 2022).  Judgment was entered the same day, dismissing the action without prejudice and, even so, granting Ubiquitous "leave to file a motion to reopen this action" if an attorney enters an "appearance on Ubiquitous's behalf as its litigation counsel within thirty days from the date of this Order."  Appx. 14 (N.D. Tex. ECF No. 67).

Mr. Shamoon timely filed a notice of appeal on December 28, 2022, within the 30 days allowed by 28 U.S.C. § 2107(b).  The notice names as appellant only Mr. Shamoon—not Ubiquitous, which Mr. Shamoon says "has absolutely no interest in the patents."  Shamoon Informal Opening Br. at 2.  We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## II

TXU briefly asserts, in its jurisdictional statement, that Mr. Shamoon cannot bring this appeal as he "is not aggrieved by the dismissal" of the action brought by

Ubiquitous, an action to which he was not a party.  Ubiquitous Informal Response Br. at 2 (citing *Nisus Corp. v. Perma-Chink Systems, Inc.*, 497 F.3d 1316, 1319 (Fed. Cir. 2007)).  We disagree.  But on the merits, we agree with TXU's argument that the district court committed no reversible error.

### A

Mr. Shamoon was aggrieved by the district court's order that denied his motion to substitute himself for Ubiquitous as the plaintiff upon the grant of the motion for dismissal of the case without prejudice.  As the new assignee of the patents at issue, he would have had the required Article III stake in the case if substituted.  For Article III purposes, then, Mr. Shamoon falls within the widely recognized principle that "a nonparty that unsuccessfully seeks to be substituted may appeal" from the denial of substitution, 15A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3902.1 (3d ed. updated Apr. 2023), a denial that, being for mootness, depends in this case directly on the dismissal of the action.  And though not a "party" to the case in district court, a person in Mr. Shamoon's position, who filed a motion to be substituted to become a party in the district court, qualifies as a "party" for purposes of Federal Rule of Appellate Procedure 3's requirement that a notice of appeal "specify the party or parties taking the appeal by naming each one in the caption or body of the notice," Fed. R. App. P. 3(c)(1)(A); *see*, *e.g.*, *Billino v. Citibank, N.A.*, 123 F.3d 723, 724–25 (2d Cir. 1997) (explaining that an appeal from a district court's denial of a nonparty widow's motion to substitute herself as plaintiff for her deceased husband "should have been [filed] in [the nonparty widow's] name"); *United States ex rel. Alexander Volkhoff, LLC v. Janssen Pharmaceutica N.V.*, 945 F.3d 1237, 1241 (9th Cir. 2020) (explaining that Rule 3 "echoes the requirements of standing," and citing *Raley v. Hyundai Motor Co.*, 642 F.3d 1271, 1274 (10th Cir.

2011) (Gorsuch, J.)).  For those reasons, this court may hear Mr. Shamoon's appeal.

B

On the merits, we affirm the order challenged on appeal, which dismissed the case without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and, because the case was dismissed, denied the motion to substitute as moot.  The dispositive ruling is the dismissal ruling.  We review a Rule 41(b) dismissal order according to the law of the relevant regional circuit, here the Fifth Circuit.  *See Euclid Chemical Co. v. Vector Corrosion Technologies, Inc.*, 561 F.3d 1340, 1345 (Fed. Cir. 2009).  The Fifth Circuit reviews such dismissals for an abuse of discretion.  *See, e.g.*, *Griggs v. S.G.E. Management, L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018).

Rule 41(b) allows a district court to involuntarily dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."  The rule helps "to 'achieve the orderly and expeditious disposition of cases.'" *Morris v. Ocean Systems, Inc.*, 730 F.2d 248, 251 (5th Cir. 1984) (quoting *Link v. Wabash Railroad Co.*, 370 U.S. 626, 631 (1962); citing *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980)).  Federal courts often "treat[] . . . noncompliance with [a] court order[] as a failure to prosecute" because those two grounds often "overlap."  9 Wright & Miller § 2369 (4th ed. updated Apr. 2023); *see also Cintron-Lorenzo v. Departamento de Asuntos del Consumidor*, 312 F.3d 522, 527–28 (1st Cir. 2002) (affirming a district court's dismissal for "lack of prosecution" due to "noncompliance" with court orders).

"[D]ismissals without prejudice generally cause minimal harm."  *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 297–98, 298 n.18 (5th Cir. 2016).  In the absence of a "statute of limitations [that] prevents or arguably may prevent a party from refiling his case after it has been dismissed," the Fifth Circuit "[o]rdinarily . . . appl[ies] a less

stringent standard of review to a [d]istrict [c]ourt's dismissal of a suit without prejudice" than to a dismissal with prejudice. *Boazman v. Economics Laboratory, Inc.*, 537 F.2d 210, 212–13 (5th Cir. 1976).

We see no abuse of discretion in the district court's dismissal of this case without prejudice. No argument has been made to disturb the district court's premise that Ubiquitous, as a legal entity rather than a natural person, had to be represented by counsel to conduct its litigation.[1] After Ubiquitous failed to comply with the district court's order to name replacement counsel for the withdrawing counsel by July 1, 2022, the district court sua sponte granted an extension and a new deadline of July 25, 2022. The district court then warned Ubiquitous that "[f]ailure to timely comply with th[e] order may result in a dismissal of this case for want of prosecution." Appx. 417 (N.D. Tex. ECF No. 48); *see, e.g.*, *Ramsay v. Bailey*, 531 F.2d 706, 709 (5th Cir. 1976) (noting that a district court's "warnings that dismissal would result from continued failure to proceed properly" supported a dismissal with prejudice (citing 9 Wright & Miller § 2370)). When Ubiquitous again failed to

---

[1]　*See, e.g.*, *Rowland*, 506 U.S. at 201–02 ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *Osborn v. Bank of United States*, 22 U.S. (9 Wheat.) 738, 830 (1824) ("A corporation, it is true, can appear only by attorney, while a natural person may appear for himself."); *Southwest Express Co. v. Interstate Commerce Commission*, 670 F.2d 53, 55 (5th Cir. 1982) (per curiam) ("The rule is well established that a corporation can appear in a court of record only by an attorney at law." (quoting *Florida Construction Co. v. Fireman's Fund Insurance Co.*, 307 F.2d 413, 414 (10th Cir. 1962); citing *Algonac Manufacturing Co. v. United States*, 458 F.2d 1373, 1375 (Ct. Cl. 1972))).

comply, the district court considered the possibility of less drastic sanctions but concluded that they were futile. *See, e.g.*, *In re Deepwater Horizon*, 907 F.3d 232, 235 (5th Cir. 2018) (per curiam) (noting that lesser sanctions not having "serve[d] the best interests of justice" supported a dismissal (footnote omitted) (quoting *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006))). And the district court's dismissal of the case brought by Ubiquitous was the "[l]esser sanction[]" of dismissal *without prejudice*. *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam); *see also In re Deepwater Horizon*, 907 F.3d at 236.

The fact that Mr. Shamoon was waiting in the wings, offering himself as a substitute for Ubiquitous, does not render the dismissal an abuse of discretion. Indeed, to the extent that Mr. Shamoon was (as he suggests) entitled as the new assignee to be substituted for Ubiquitous to press claims against TXU of infringement of the patents at issue, the burden on Ubiquitous of appearing with counsel was quite limited—perhaps amounting to little more than appearing for proceedings on the motion to substitute. If the burden was so limited, the district court was especially reasonable in insisting on such formal participation by the existing plaintiff. *See* 7C Wright & Miller § 1958 (3d ed. updated Apr. 2023) (noting that Rule 25(c) "incorporates by reference the provisions of Rule 25(a)," which requires a motion to substitute, together with a notice of hearing, to be served on the existing parties, although the district court need not actually hold the hearing "if it determines [that the hearing] is not necessary").

We therefore see no reversible error in the district court's dismissal without prejudice. Mr. Shamoon does not dispute that it follows from that conclusion that Mr. Shamoon's motion to substitute was moot. *See, e.g.*, *In re Lucent Death Benefits ERISA Litigation*, 541 F.3d 250, 257 (3d Cir. 2008) ("affirm[ing] the decision of the [d]istrict [c]ourt dismissing the pensioners' complaint and denying

10                                    UBIQUITOUS CONNECTIVITY, LP v.
                                      TXU ENERGY RETAIL COMPANY LLC

as moot Helen Lucas' motion to substitute herself in this case for her deceased husband").

### III

For the foregoing reasons, we affirm the order of the district court dismissing without prejudice and denying the motion to substitute.

No costs.

**AFFIRMED**