# United States Court of Appeals
## For the First Circuit

No. 16-1378

SAMUEL CRUZ,

Plaintiff, Appellant,

v.

JAMES MATTIS, Secretary of Defense,*

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Pedro A. Delgado-Hernández, U.S. District Judge]

Before

Torruella, Kayatta, and Barron,
Circuit Judges.

Vladimir Mihailovich on brief for appellant.
Mainon A. Schwartz, Assistant United States Attorney,
Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief,
Appellate Division, and Rosa Emilia Rodríguez-Vélez, United States
Attorney, on brief for appellee.

June 26, 2017

---

* Pursuant to Fed. R. App. P. 43(c)(2), Secretary of Defense
James Mattis has been substituted for former Secretary of Defense
Ashton B. Carter as the defendant-appellee.

**BARRON**, **Circuit Judge**.  This appeal concerns a grant of summary judgment to the defendant in a sex discrimination suit under Title VII, 42 U.S.C. §§ 2000e-2000e-17, brought by an unsuccessful applicant for two teaching positions at an elementary school run by the Department of Defense ("DoD").  We affirm.

## I.

To understand the issue on appeal, the following undisputed facts are helpful.  The Department of Defense Education Activity ("DoDEA") is a component of the United States Department of Defense.  DoDEA operates a system of Domestic Dependent Elementary and Secondary Schools ("DDESS") for qualifying children of United States military personnel in the continental United States, Puerto Rico, and Guam.  Since 1997, the plaintiff, Samuel Cruz, has been a substitute teacher at both the elementary and the middle school on the Fort Buchanan military base in Puerto Rico.  The schools are part of the DDESS system.  Since 2009, Cruz has had an active online application to become an elementary school teacher at Fort Buchanan's elementary school.

When a vacancy arises at a DDESS school, the principal of the school submits a "request for personnel action" to the Area Service Center ("ASC"), which is headquartered in Peachtree City, Georgia.  The human resources division of the ASC then compiles a referral list for the vacant position, based on applications in

the online Employment Application System ("EAS"), which generates scores for each applicant for the position. The ASC's human resources division's staff then takes account of these scores and compiles a list of candidates that is referred to the school principal. The referral list generally contains approximately twenty-five applicants. The school's principal has no role in the creation of the referral list and is not authorized to hire candidates who are not included on the referral list.

In July 2010, the ASC issued a referral list for a full-time, fifth-grade teaching position at the Fort Buchanan elementary school. The referral list contained twelve women and seven men. Cruz, who had no nonsubstitute teaching experience, but had many years of substitute teaching experience (including some experience as a "full-time" substitute teacher), was not on the referral list. The school's principal hired a woman from the referral list, Sandra López, who had almost nine years of full-time, nonsubstitute teaching experience.

Then, in August 2010, the ASC issued a referral list for a second position -- a part-time fifth-grade teaching position. This referral list contained twenty women and eight men. Again, Cruz was not on the referral list. The school's principal hired Barbara Dixon, a woman from the referral list who had eight years of full-time, nonsubstitute teaching experience.

In December 2010, Cruz filed a formal administrative complaint with DoDEA, alleging discrimination in hiring on the basis of sex in violation of Title VII. DoDEA's Office of Diversity Management and Equal Opportunity informed Cruz via a letter that it would investigate the ASC's failure to include Cruz on the referral list in the two instances described above. After an investigation, DoDEA forwarded Cruz's request for a hearing to the Equal Employment Opportunity Commission ("EEOC"). Then, in November 2012, the Administrative Judge ("AJ") appointed by the EEOC determined that there had been no discrimination. In January 2013, DoDEA adopted the AJ's decision in full.

In April 2013, Cruz filed suit against the Secretary of Defense ("the Secretary") in the United States District Court for the District of Puerto Rico, alleging discrimination on the basis of sex in violation of Title VII, in consequence of the hiring decisions made regarding the two 2010 vacancies to which Cruz had applied. Cruz then amended the complaint in September 2013. After discovery, the Secretary filed a motion for summary judgment on the ground that Cruz had not established a prima facie case of sex discrimination under Title VII, and that, even if he had, there were legitimate, nonpretextual reasons that Cruz had not been hired. The District Court granted the motion for summary judgment, ruling for the defendant on both grounds, and dismissed the suit. Cruz now appeals.

We review the District Court's entry of summary judgment de novo. Iverson v. City Of Bos., 452 F.3d 94, 98 (1st Cir. 2006). Summary judgment is appropriate where the record, viewed in the light most favorable to the nonmoving party, discloses "no genuine issue of material fact" and demonstrates that "the moving party is entitled to a judgment as a matter of law." Id. (quoting Fed. R. Civ. P. 56(c)). "The nonmovant may defeat a summary judgment motion by demonstrating, through submissions of evidentiary quality, that a trialworthy issue persists." Id.

In evaluating a claim of discriminatory hiring under Title VII, we apply the burden-shifting framework laid out in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), where, as here, there is no direct evidence of discrimination. Under that framework, the plaintiff carries the initial burden of establishing a prima facie case of discrimination. Id. at 802. To establish a prima facie case, the plaintiff must show the following: (1) he is a member of a protected class; (2) he was qualified for the position to which he applied; (3) he applied to that position and was not hired; and (4) the position to which he applied was filled by a person possessing similar or inferior qualifications. Ahern v. Shinseki, 629 F.3d 49, 54 (1st Cir. 2010). If a plaintiff establishes a prima facie case, then the burden of production shifts to the employer, who must articulate

a legitimate, nondiscriminatory reason for the challenged hiring decision. Id. If the employer articulates such a reason, then the burden of production reverts to the plaintiff, who must offer evidence tending to prove that the reason offered by the employer is a pretext for discrimination. Id.

## III.

Even assuming that Cruz established a genuine issue of material fact with respect to whether he made out a prima facie case of discrimination on the basis of sex, the Secretary proffered a legitimate, nondiscriminatory explanation for the hiring decisions at issue. And Cruz does not identify evidence in the record sufficient to create a genuine issue of material fact as to whether the reason the defendant gave for not hiring him is pretextual. Accordingly, he cannot succeed in his challenge to the District Court's ruling dismissing his claim on summary judgment.

The District Court found no genuine issue of material fact with respect to pretext for the following reason. The District Court concluded that the record indisputably showed that "[q]ualification [for the 2010 vacancies] was predicated on creditable teaching experience." And the District Court further concluded that the record showed that Cruz's only teaching experience was substitute teaching experience, which DDESS treated as "non-creditable" experience. The District Court also found

that the women hired for the 2010 vacancies had several years of experience in nonsubstitute teaching positions, which DDESS treated as "creditable" experience. Thus, the District Court ruled, the defendant carried his burden of producing evidence of a facially legitimate, nondiscriminatory reason for the hiring decisions -- namely, Cruz's relative lack of "creditable" teaching experience, as his only experience was as a substitute teacher. And, the District Court further found that Cruz presented no evidence to create a genuine factual issue regarding whether the defendant's proffered reason was pretextual.

On appeal, Cruz contends that the defendant designated substitute teaching experience as "non-creditable" experience only as a post-hoc justification for its hiring decisions, and thus that the only proffered reason for excluding him from the referral lists for the 2010 vacancies was a pretextual one. But Cruz points to no evidence in the record to support his factual assertion in this regard. In fact, the record contains evidence to the contrary: specifically, testimony by a Supervisory Human Resources Specialist at the ASC that "[s]ubstitute teaching experience is not creditable for work experience under the [EAS] rating criteria." This testimony is also consistent with documentary evidence in the record showing that DoD schools have treated substitute teaching experience as "non-creditable" experience for various purposes since as early as the late 1980s.

In an effort to create a genuine issue of material fact, Cruz does contend that the fact that he was included on the referral list in 2009 for the same position to which he later applied in 2010 reveals that he was qualified for the position. Cruz thus appears to contend that this fact shows that the reason given for his exclusion from the referral lists in 2010 is a pretextual one. But, the District Court found that the EAS compiles referral lists on a "point in time" basis, and Cruz identifies no evidence in the record to the contrary. Accordingly, Cruz provides no basis for disputing the District Court's succinct finding that "2009 does not equal 2010" for purposes of the ASC's determination of which candidates to include on a referral list. Thus, the fact that Cruz was included on the referral list in 2009 does not bear on whether he was legitimately excluded from the referral lists in 2010 due to his relative lack of creditable teaching experience. And so, Cruz identifies no genuine issue of material fact regarding pretext. See Nieves-Romero v. United States, 715 F.3d 375, 378 (1st Cir. 2013) ("To be genuine, a factual dispute must be built on a solid foundation -- a foundation constructed from materials of evidentiary quality. [C]onclusory allegations, empty rhetoric, unsupported speculation, or evidence which, in the aggregate, is less than significantly probative will not suffice to ward off a properly supported summary judgment motion." (alteration in original) (citations omitted)).

To the extent that Cruz means to argue that the school principal in charge of hiring engaged in discrimination on the basis of sex in her hiring decisions (as evidenced, Cruz suggests, by the apparent lack of male teachers at the school where Cruz sought employment), this argument also provides no basis for reversing the District Court's grant of summary judgment. The defendant has presented evidence that the school principal had no authority to hire a person not on the referral lists. And Cruz identifies no contrary evidence or any evidence that suggests that the rule barring the principal from hiring applicants not on a referral list is itself impermissibly discriminatory.

## IV.

As Cruz has failed to offer any evidence establishing a genuine issue of material fact regarding pretext, the judgment of the District Court is **affirmed**.