17-4025-cv
*Funk v. Belneftekhim*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of June, two thousand eighteen.

PRESENT:  JOSÉ A. CABRANES,
                   GERARD E. LYNCH,
                   SUSAN L. CARNEY,
                                    *Circuit Judges.*

_____

VLADLENA FUNK, EMANUEL ZELTSER,

   *Plaintiffs-Appellees,*      17-4025-cv

   v.

BELNEFTEKHIM, AKA CONCERN BELNEFTEKHIM, BELNEFTEKHIM USA, INC.,

   *Defendants-Appellants.*

_____

**FOR PLAINTIFFS-APPELLEES:**  EMANUEL ZELTSER, Sternik & Zeltser, New York, NY.

**FOR DEFENDANTS-APPELLANTS:**  KENNETH A. CARUSO (Christopher D. Volpe, Michelle Letourneau-Belock, *on the brief*), White & Case LLP, New York, NY.

1

Appeal from orders of the United States District Court for the Eastern District of New York (Brian M. Cogan, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders are **AFFIRMED** in part, and the appeal is **DISMISSED** in part.

Defendants-Appellants Belneftekhim, also known as Concern Belneftekhim, and Belneftekhim USA, Inc. (collectively, "Belneftekhim") appeal the District Court's orders entered on August 22, September 5, November 20, and December 15, 2017. In those orders, the District Court imposed discovery sanctions on Belneftekhim, denied Belneftekhim's motion to dismiss, and denied Belneftekhim's motions for reconsideration. On appeal, Belneftekhim argues that the orders must be vacated because (1) under the Foreign Sovereign Immunities Act of 1976 ("FSIA"), the District Court lacked subject matter jurisdiction, and (2) the District Court lacked diversity jurisdiction over the suit. It further contends that the District Court should have remanded the case to state court. We assume the parties' familiarity with the facts and procedural history of this case, to which we refer here only as necessary to explain our decision affirming the District Court's denial of Belneftekhim's motion to dismiss and dismissing the remainder of the appeal for lack of appellate jurisdiction.

I.

Before turning to the merits of Belneftekhim's appeal, we must determine whether we have appellate jurisdiction to consider the challenged orders; if we do, we then assess the scope of that jurisdiction. *See Kovaco v. Rockbestos-Surprenant Cable Corp.*, 834 F.3d 128, 133–34 (2d Cir. 2016); *Bolmer v. Oliveira*, 594 F.3d 134, 140 (2d Cir. 2010).

It is well established that a district court's denial of a motion to dismiss on foreign sovereign immunity grounds is an appealable collateral order. *Rein v. Socialist People's Libyan Arab Jamahiriya*, 162 F.3d 748, 755 (2d Cir. 1998); *see also Funk v. Belneftekhim* ("*Funk I*"), 861 F.3d 354, 363 (2d Cir. 2017). We therefore have jurisdiction to consider this aspect of Belneftekhim's appeal, even though final judgment has not been entered.

In contrast, a district court's imposition of discovery sanctions and rulings on diversity jurisdiction and motions to remand, in the ordinary course, are not immediately appealable. *See Ashmore v. CGI Grp., Inc.*, 860 F.3d 80, 85 (2d Cir. 2017) ("[I]mmediate appeal is not automatically authorized whenever a party alleges that a district court has permitted a

2

suit to move forward in the absence of proper subject matter jurisdiction."). Under the doctrine of pendent appellate jurisdiction, however, we may exercise jurisdiction over such orders in certain limited circumstances: "[W]here we have jurisdiction over an interlocutory appeal of one ruling, [we may] exercise jurisdiction over other, otherwise unappealable interlocutory decisions, where such rulings are inextricably intertwined with the order over which we properly have appellate jurisdiction, or where review of such rulings is necessary to ensure meaningful review of the appealable order." *Myers v. Hertz Corp.*, 624 F.3d 537, 552 (2d Cir. 2010) (internal quotation marks omitted).

Here, the District Court's foreign sovereign immunity ruling, the appeal of which we may consider, was predicated on the discovery sanctions that it imposed. These sanctions created a related evidentiary presumption against Belneftekhim and limited the record that the court considered in evaluating the sovereign immunity defense. Our review of the sovereign immunity ruling "would be handicapped by our failure to review the non-appealable" discovery sanctions, *id.* at 553 (internal quotation marks omitted), because the discovery sanctions circumscribed the evidentiary record on which the District Court relied in adjudicating the sovereign immunity defense. Under *Myers*, therefore, we have pendent appellate jurisdiction to consider the sanctions order.

We lack pendent appellate jurisdiction, however, to consider Belneftekhim's arguments that the District Court lacked diversity jurisdiction over the suit and that it should have remanded the case to state court. As we explain, neither question is "inextricably intertwined" with the denial of foreign sovereign immunity, nor is resolution of either issue "necessary to ensure meaningful review of the appealable order." *Id.* at 552 (internal quotation marks omitted).

We are unpersuaded by Belneftekhim's argument that, because of our jurisdiction over the District Court's denial of foreign sovereign immunity, we have jurisdiction—and even an obligation—to consider these additional issues of subject-matter jurisdiction. The cases Belneftekhim cites are distinguishable. In some cases relied on by Belneftekhim, review of the otherwise non-appealable subject-matter jurisdiction questions was necessary to ensure meaningful review of the appealable order: the district court would necessarily have lacked jurisdiction to issue the appealable order at all if it had no subject-matter jurisdiction. *See, e.g.*, *Hapag-Lloyd Aktiengesellschaft v. U.S. Oil Trading LLC*, 814 F.3d 146, 150 n.10 (2d Cir. 2016); *Merritt v. Shuttle, Inc.*, 187 F.3d 263, 269 (2d Cir. 1999). In others, the subject-matter jurisdiction question was "inextricably intertwined" with the appealable issue. *See, e.g.*, *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 123 (2d Cir. 2007) ("[W]e cannot resolve the defense of sovereign immunity here without determining whether

3

the removal statutes confer subject matter jurisdiction on the district court.”). Here, by contrast, there is no dispute that the District Court had subject matter jurisdiction to decide whether Belneftekhim was entitled to foreign sovereign immunity after Belneftekhim properly removed the case to federal court on that basis, *see* 28 U.S.C. § 1441(d), and Belneftekhim’s diversity and removal arguments are not inextricably intertwined with the foreign sovereign immunity claim. Accordingly, none of the cases Belneftekhim cites supports exercising pendent appellate jurisdiction here.

## II.

We review *de novo* the District Court’s denial of a motion to dismiss for want of foreign sovereign immunity, *see Filler v. Hanvit Bank*, 378 F.3d 213, 216 (2d Cir. 2004); we review for abuse of discretion the discovery sanctions that the court imposed, *see Funk I*, 861 F.3d at 365.

Belneftekhim claims that the District Court erred in imposing as a discovery sanction an evidentiary presumption against Belneftekhim and in further declining to consider a certain document submitted by Belneftekhim. In *Funk I*, however, we addressed this issue explicitly, suggesting that, although the court could not strike the foreign sovereign immunity defense as a sanction for non-compliance with court orders, it could “(1) accord[ ] an evidentiary presumption against defendants that withheld discovery would refute their claim that [Belneftekhim] is an organ or instrumentality of Belarus, and (2) prohibit[ ] defendants from offering further supporting evidence on that issue.” *Id.* at 371 (citing Fed. R. Civ. P. 37(b)(2)(A)(i), (ii)). Following our suggestion to the letter, after further proceedings, the District Court imposed both of these sanctions. It explained its basis for doing so in a thoughtful opinion. *See Funk v. Belneftekhim*, No. 14-cv-376 (BMC), 2017 WL 5592676, at *6–*7 (E.D.N.Y. Nov. 20, 2017).

Perhaps recognizing weakness in its contentions on the point, Belneftekhim merely gestures toward an argument that the District Court abused its discretion by imposing the challenged evidentiary presumption.[1] Instead, it focuses its attack primarily on the District Court’s refusal to consider purported interpretations of law set forth in a two-page

---

[1] To the extent Belneftekhim’s invocation of the act-of-state doctrine bears on this issue (or any other in this appeal), we are unpersuaded that we should revisit the conclusion of the *Funk I* panel (were we free to do so) that the doctrine is not relevant here. *See Funk v. Belneftekhim*, 861 F.3d 354, 367–68 (2d Cir. 2017).

4

document submitted by Belneftekhim and bearing the heading "Ministry of Justice of the Republic of Belarus." *See* App. 409–10. Relying on our decision in *In re Vitamin C Antitrust Litigation*, 837 F.3d 175 (2d Cir. 2016), Belneftekhim argues that the District Court was required to consider the document and to afford conclusive deference to the document's assertions regarding the formation and status of Belneftekhim in Belarus. We are not persuaded.

Most significant, of course, is the development that one week after we heard argument in this case, the Supreme Court vacated our decision in *Vitamin C*, in which we afforded conclusive weight to an extensive and detailed interpretation of foreign law submitted by a foreign government appearing as amicus curiae. *See Animal Sci. Prods., Inc. v. Hebei Welcome Pharm. Co. Ltd.*, No. 16-1220, — S. Ct. —, 2018 WL 2973745, at *3 (June 14, 2018). The Court held that "a federal court is neither bound to adopt the foreign government's characterization [of its laws] nor required to ignore other relevant materials." *Id.* at *6; *see also id.* (identifying "[r]elevant considerations" in determining weight foreign government's submission should be afforded). Belneftekhim's position that the District Court was obligated to defer to assertions set forth in the tendered document is now, therefore, unsupported by case law and contrary to the Supreme Court's most recent pronouncement in the field.

Further, and contrary to Belneftekhim's protestations that it was error not to consider the document at all, "[c]ourts routinely decide issues"—including those related to sovereign immunity and subject-matter jurisdiction—"based on limited records." *Funk I*, 861 F.3d at 372. In *Funk I*, our Court deemed plaintiffs' claim that Belneftekhim has "two components," one essentially private and one an agency or instrumentality of Belarus, to be at least superficially plausible, *see id.* at 368, 372, and, as recounted by the District Court, Belneftekhim has for years stymied plaintiffs' efforts to obtain evidence that would support (or negate) these allegations. Faced with Belneftekhim's recalcitrance, the District Court acted permissibly in limiting the record and refusing to consider the tendered document in its determination regarding the FSIA defense propounded by Belneftekhim. Nothing in *Vitamin C* compelled a different result.[2]

---

[2] Nor does Federal Rule of Civil Procedure 44.1—which provides that courts "may consider any relevant material or source" in determining a foreign country's law—suggest that the District Court could not limit the record in the way it did.

Absent the tendered document, Belneftekhim's argument that the District Court erred by denying its sovereign immunity defense quickly runs aground: the evidentiary presumption in plaintiffs' favor carries the day.

*　　*　　*

We have considered Belneftekhim's remaining arguments regarding the denial of foreign sovereign immunity and the imposition of discovery sanctions and conclude that they are without merit. Accordingly, we find no error in the District Court's rejection of Belneftekhim's claim of sovereign immunity.

## CONCLUSION

For the reasons set forth above, we **AFFIRM** the District Court's orders **IN PART** insofar as they imposed sanctions on Belneftekhim and denied Belneftekhim's motion to dismiss for lack of subject-matter jurisdiction on the ground that Belneftekhim holds sovereign immunity. We **DISMISS** the appeal **IN PART** for lack of appellate jurisdiction to consider whether the District Court has diversity jurisdiction and whether the District Court properly denied Belneftekhim's motion to remand.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court